ELDER *v.* WOOD.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 95. Argued January 9, 1908.—Decided January 27, 1908.

A valid subsisting mining location, such as the Comstock lode, or an interest therein, is property distinct from the land itself, vendible, inheritable and taxable as such, by the State, notwithstanding the land may be unpatented by the United States.

When the collection of a tax on such an interest is enforced by sale, the tax deed conveys merely the right of possession and does not affect any interest of the United States, and the construction of the state statutes, and the conformity thereto of the tax levy and sale, are matters exclusively for the state court to determine, and this court is without jurisdiction to review its decision.

Sections 340, 341 of the laws of Colorado of 1881, taxing interests in unpatented mining claims and making the right of possession the subject of levy and sale, are not in conflict with § 4 of the Colorado enabling act of March 3, 1875, 18 Stat. 474, providing that no tax shall be imposed on lands or property of the United States.

Where the Federal question below was whether a tax sale deprived the owner of his property without due process of law because the notice, being published on Sunday, was insufficient, and the state court did not pass on that question but sustained the tax title under the state statutes making tax deeds *prima facie* evidence and of limitations, the non-Federal grounds are adequate to support the judgment and this court is without jurisdiction to review it on writ of error under § 709, Rev. Stat.

37 Colorado, 174, affirmed.

THE facts, which involve the right of a State to tax the possessory right in unpatented mining claims, are stated in the opinion.

*Mr. George R. Elder* for plaintiffs in error:

The judgment of reversal denied the rights claimed by plaintiffs in error under two clauses of the Constitution of the United States and the similar clause of the constitution of Colorado, and the judgment of reversal could not be entered without finding, in opposition to the enabling act of Congress

and the decision of the District Court below, that United States land, whose title had not vested in the locator by purchase, was taxed. These were claims at the foundation of the entire case and were decided adversely to the rights of plaintiffs in error. The prohibitions of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as § 25 of Art. 2, constitution of Colorado, extend to any action of the State through its constituted authorities, and therefore include any divestiture of property through tax assessments, levies and tax sales, made without due process of law.

Under the following authorities this court should take jurisdiction to pass upon this writ of error. *Proprietors of Bridges* v. *Hoboken Land & Imp. Co.*, 1 Wall. 116; *Roby* v. *Colehour*, 146 U. S. 153–159; *De Saussure* v. *Gaillard*, 127 U. S. 216; *Brown* v. *Atwell*, 92 U. S. 327; *Wilscn* v. *Blackbird Creek Marsh Co.*, 2 Pet. 245; *Chicago Life Insurance Co.* v. *Needles*, 113 U. S. 574; *Sayward* v. *Denny*, 158 U. S. 180; *C., B. & Q. R. R. Co.* v. *Chicago*, 166 U. S. 226; *Bells Gap Ry. Co.* v. *Pennsylvania*, 134 U. S. 232.

An advertisement of tax notice upon Sunday exclusively was not a legal notice and due process of law. *Schwed* v. *Hartwitz*, 23 Colorado, 189; *Scammon* v. *City of Chicago*, 40 Illinois, 146; Blackwell, Tax Title (2d ed.), § 210; Blackwell, Tax Titles (5th ed.), § 440; *Ormsby* v. *Louisville*, 79 Kentucky, 199; *Sawyer* v. *Cargile*, 72 Georgia, 290; *Brannin* v. *Louisville*, 4 Ky. Law Rep. 384; *McLaughlin* v. *Wheeler*, 2 S. Dak. 379; *Shaw* v. *Williams*, 87 Indiana, 158.

The United States still owning the fee to the land while the entry remained cancelled, it could not be taxed and sold.

While part of the claim was still owned by the United States after the cancellation, the incorporation of illegal taxes upon this part with other taxes levied upon the other part of the claim, rendered the whole sale void *in toto.*

The Government, through its Land Department, has never completely changed the ownership of this Comstock lode

from itself to the holders of the possessory title. It still retains the entire title, at its own disposition, to be finally parted with after the several contests before the land officers and the courts are at last decided.

There has been no proper segregation of the area of the Comstock lode and issuance of such a muniment of title by the Land Department of the United States to bring it within the purview of the taxing power of the State of Colorado, certainly not up to the twenty-first day of September, 1896, the date of the partial re-instatement of the entry.

The refusal of the Land Department of the Government to confirm the mineral entry of the Comstock lode in its entirety from its first order of cancellation May 2, 1887, up to and until September 21, 1896, a period of nine years and four months, is proof positive that no full equitable title passed to the grantees by those proceedings and that the Government through its Land Department still held full control of the land and by its various rulings established the fact that the right to patent in the location claimants was incomplete. *Kansas P. Ry. Co.* v. *Prescott*, 16 Wall. 603; *Union Pac. R. R. Co.* v. *McShane*, 22 Wall. 444; *Northern Pac. R. R. Co.* v. *Traill Co.*, 115 U. S. 600; *Hunnewell* v. *Cass Co.*, 22 Wall. 464; *Central Colo. I. Co.* v. *Pueblo Co.*, 95 U. S. 259; *Lamborn* v. *Dickinson Co.*, 97 U. S. 181; *Union Pac. R. R. Co.* v. *Dodge Co.*, 98 U. S. 541; *People* v. *Shearer*, 30 California, 645; *Central P. R. R. & Co.* v. *Howard*, 51 California, 229; *Long* v. *Culp*, 14 Kansas, 412; *White* v. *B. & M. R. R. Co.*, 5 Nebraska, 393; *Elling* v. *Thexton*, 7 Montana, 330; *Musser* v. *McRae*, 38 Minnesota, 409; *Van Brocklin* v. *Tennessee*, 117 U. S. 151; *Wisconsin Cent. R. R. Co.* v. *Price Co.*, 133 U. S. 496; *Hussman* v. *Durham,* 165 U. S. 145; *Campbell* v. *Spears*, 120 Iowa, 670; *Duncan* v. *Newcomer*, 9 S. Dak. 375; *Pitts* v. *Clay*, 27 Fed. Rep. 635.

*Mr. Aldis B. Browne* for defendants in error. *Mr. Charles Cavender* was on the brief:

If it be contended that there was a Federal question which

might have been raised, still it will be found, from an examination of the opinion of the Supreme Court of the State of Colorado, *Wood* v. *McCombe*, 37 Colorado, 174; *S. C.*, 86 Pac. Rep. 319, that the decision is based on a local statute and the construction thereof, and no Federal question was involved therein nor necessarily decided. This court will not review such a decision. *N. Y. Cent. R. R. Co.* v. *City of New York*, 186 U. S. 269; *Mut. Life Ins. Co.* v. *McGrew*, 188 U. S. 291; *S. C.*, 63 L. R. A. 33, and the notes to said case; *Apex Transportation Co.* v. *Garbad*, 32 Oregon, 582; *S. C.*, 62 L. R. A. 513; *Gillis* v. *Stinchfield*, 159 U. S. 658

Rev. Stat. §§ 2319–2324 vest, in the locator of valid mining claims, the absolute property in the same. And see § 910, Rev. Stat.

By statute the real title and ownership is in the locator, and not in the United States. Such property is real estate and belongs to, and the title is in the locator, although the paramount title might not have passed from the Government; and is capable of conveyance, inheritance and protection at law and in equity, and is also subject to tax levy and sale. It is expressly so declared by the statutes of Colorado and other States in which such property is situated, and is so recognized by state and Federal courts in repeated decisions. *Forbes* v. *Gracey*, 94 U. S. 767; *Belk* v. *Meagher*, 104 U. S. 283; *Manuel* v. *Wolff*, 152 U. S. 505, 511; *St. Louis M. Co.* v *Montana M. Co.*, 171 U. S. 655; *McFeters* v. *Pierson*, 15 Colorado, 201; *Roseville Co.* v. *Iowa Gulch Co.*, 15 Colorado, 29; *Butte Co.* v. *Frank*, 65 Pac. Rep. 1; *Bakersfield Co.* v. *Kern Co.*, 77 Pac. Rep. 892.

It necessarily follows that the title held by the locator, and the possessory right acquired thereby, are subject to taxation, subject, of course, to the paramount title of the United States, which is not divested by the tax sale, but simply passes the possessory title to the purchaser thereat.

The statute with reference to tax sales, with reference to notice, and the statute of limitations are Colorado statutes and

have been passed upon by the highest court of the State, which has held, as appears from the decision in this case, that, the purpose of the statute of limitations was to cure just such defects as are asserted by the plaintiff herein; and that after five years they cannot be availed of. This court is bound by the construction placed upon a local statute by a local court. U. S. Rev. Stat. § 721; *Townsend* v. *Todd et al.*, 91 U. S. 452; *Commercial Bank* v. *Buckingham*, 5 How. 317; *Allen* v. *Massey*, 17 Wall. 351; *Union Pacific R. R. Co.* v. *Reed*, 80 Fed. Rep. 239; *S. C.*, 49 U. S. App. 421 (Eighth Circuit); *Lloyd* v. *Fulton*, 91 U. S. 479; *Jerome* v. *Carbonate Nat. Bank of Leadville*, 22 Colorado, 37; *Perkins* v. *Adams*, 16 Colo. App. 96.

MR. JUSTICE MOODY delivered the opinion of the court.

The plaintiff in error brought this action in a District Court of the State of Colorado to recover from the defendants in error the possession of an undivided interest in the Comstock Lode mining claim, situated in that State. Both parties claimed title under Wilhelmina Gude, who was agreed to have been the owner of the interest in dispute; the defendants under a sale for taxes assessed upon her interest, made August 5, 1889, and a deed in pursuance of the sale made August 8, 1892, and recorded August 11, 1892; the plaintiffs under a quitclaim deed of her interest made April 5, 1894, and duly recorded. The tax title was the earlier, and possession of the interest in dispute was held by those claiming under that title for more than five years, which is the period of the statute of limitations of Colorado applicable to such a case. The plaintiffs, however, insisted that the tax title was void, and the judge of the trial court so found, and entered judgment for the plaintiffs, which was reversed by the Supreme Court of the State and judgment for the defendants ordered, *sub nomine, Wood* v. *McCombe*, 37 Colorado, 174. The case is here upon writ of error to the latter court.

The plaintiff's contention is that the tax title was void for two reasons: first, because the property was not subject to

state taxation, as the title to the land was in the United States, and therefore the levy of the tax was a nullity; second, because the notice of the sale for taxes was published only in a Sunday newspaper, and therefore the sale was a nullity. The further contention is then made that the tax deed for these reasons was void and did not afford color of title sufficient for the purpose of the statute of limitations.

The judgment under review, however, determined that the interest of Wilhelmina Gude was liable to taxation under the laws of the State, although the land on which it was located had not been patented to her or entered for patent by her; that the possession was the subject of the assessment, and that the right of possession passed by the tax sale; that a tax deed was by a state statute *prima facie* evidence *inter alia* "that the property was duly and lawfully advertised for sale;" that the tax deed was not void upon its face, and that it constituted a sufficient color of title to satisfy the statute of limitations; and, finally, that as this action was not brought within five years after the delivery of the tax deed it was barred by that statute, which provided that "no action for the recovery of land sold for taxes shall lie unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer."

The question for decision here is only whether this judgment denied to the plaintiffs any Federal rights duly claimed by them in the state court, and we have no right to inquire further.

1. The title to the land on which this mining claim was located was in the United States. It was a part of the public lands, and although proceedings had been begun by the owners of the claim for the acquisition of the title to the land by patent, they were not concluded at the time of the assessment of the tax, and apparently no patent has ever been issued. Obviously the land was not taxable as the property of Wilhelmina Gude. The act by which the people of the Territory of Colorado were enabled to form a State (§ 4 of act approved March 3, 1875, c. 139, 18 Stat. 474) provided that no taxes

should ever be imposed upon lands or property of the United States. The claim of a Federal right was based upon this statute. But, assuming that under this statute a Federal question is raised, there was no taxation of the land in the case at bar. A statute of Colorado authorized the taxation of min+ ing claims, whether patented or entered for patent or not, in these words: "In case the mine or mining claim shall not be patented, or entered for patent, but shall be assessable and taxable under this act, on account of producing gross proceeds, then, and in that case, the possession shall be the subject of the assessment, and if said mining property be sold for taxes levied, the sale for such taxes shall pass the title and right of possession to the purchaser, under the laws of Colorado." Laws 1887, §§ 340–341, Mills' Ann. Stat. §§ 3222–3225. The construction of this statute and the conformity to it of the proceedings of the taxing officials were questions exclusively for the Supreme Court of the State, and we have no authority to review its determination of them. That court held that what was assessed was not the land on which the mining claim was located, but the claim itself, that is to say, the right of possession of the land for mining purposes. It is agreed that the Comstock Lode was a "valid subsisting mining location," and at the time of the assessment of the tax Wilhelmina Gude was the owner of the undivided interest in it which is in controversy here. Such an interest from early times has been held to be property, distinct from the land itself, vendible, inheritable and taxable. *Forbes* v. *Gracey*, 94 U. S. 762; *Bell* v. *Meagher*, 104 U. S. 279, 283; *Manuel* v. *Wulff*, 152 U. S. 505, 510; *St. Louis Mining Co.* v. *Montana Mining Co.*, 171 U. S. 650, 655; 1 Lindley on Mines, §§ 535–542, inclusive. The State therefore had the power to tax this interest in the mining claim and enforce the collection of the tax by sale. The tax deed conveyed merely the right of possession and affected no interest of the United States.

2. The tax dec under which the defendant in error Wood claims title was executed in pursuance of a sale made upon

a notice published only in a Sunday newspaper. This fact does not appear from the deed itself, as an analogous infirmity appeared in the tax deed before the court in *Redfield* v. *Parks,* 132 U. S. 239. The deed upon its face was a valid instrument, and could be impeached only by evidence *aliunde.* The state court did not deem it necessary to consider whether such a notice was sufficient, because it held that a state statute made such a deed *prima facie* evidence of the sufficiency of the notice, and that possession under such a deed for the prescribed period met the requirements of the state statute of limitations. The decision therefore did not reach the only Federal question which can be imagined with respect to this part of the case, namely, that a sale upon such a notice was wanting in due process of law, but rested upon entirely adequate grounds of a non-Federal nature. Whether the decision of the question of state law was right or wrong, we may not consider. It is enough that the judgment proceeded solely upon the state law, and that the state law was adequate to dispose of the case without reaching any Federal question. *Leathe* v. *Thomas,* 207 U. S. 93. We need not, therefore, consider whether this Federal question was properly raised in the court below, or whether a sale upon such a notice would be a denial of due process of law in violation of the Fourteenth Amendment of the Constitution.

The plaintiffs in error have shown no violation of Federal right, and the judgment of the Supreme Court of Colorado is

*Affirmed.*