Hurlbut, J.
March 7, 1907, plaintiff below (appellee) brought suit against defendant below (appellant), to quiet title to land in Yuma County, Colorado. The amended complaint was filed on that date, and it is therein alleged that, on August 15, 1905, the State Board of Land Commissioners of Colorado sold the land to the defendant at public sale, but that the sale was void, for the reason that no sufficient advertisement of the notice of sale had been made as required *87 by law, closing with a prayer that the sale be set aside and held for naught; that the certificate of purchase issued to defendant be canceled; that defendant be enjoined from claiming ary right or title to said land by virtue of said sale, and for general relief.
The answer filed by defendant does not deny any of the allegations of the complaint.
The complaint states a cause of action in this, to-wit,’ that defendant purchased the land in controversy at a public sale held by the State Board of Land Commissioners; that the sale was void and the certificate of purchase issued to defendant was also void, for the reason that no advertisement of the notice of sale was ever made as required by law; that said notice of sale was not printed and published in four consecutive issues of the entire and regular weekly issue of the newspaper publishing the same, as required by law; that the notice of said sale was omitted from numerous copies of said weekly newspaper during the four weeks of publication thereof; that said notice appeared in only a few issues of the said newspaper during the period of time it was required to be published; that the notice was not advertised in four consecutive issues of any weekly newspaper of the county where the land 'is situated, prior to the sale, though one or more such weekly newspapers were published, therein for more than six months prior to said sale; that, as to all the defects and infirmities in the publication and advertisement of the notice of sale above set forth, plaintiff had no notice thereof, at the time of said sale; that defendant had notice, at the time he purchased the land at said sale, of the insufficient advertisement *88 and publication of the notice of sale, and of all the other infirmities concerning such advertised notice, as alleged in the complaint.
Defendant, in his answer, made no denial whatever of the damaging statements charged against him in the complaint, to the effect that at the time of said sale he knew the law had not been complied with respecting the advertisement of the notice thereof; and had knowledge of the fatal omissions and defects attending the publication of the same.
. The statute in force at the time of sale: viz., § 3640, Mills’ Annotated Statutes, plainly required the advertisement of the notice of sale to be made in a certain manner and at a certain time and place: viz., “All sales under this act shall be advertised in four consecutive issues of some weekly newspaper of the county in which such land is situated, if there be such paper, if not, then in some other paper published in an adjoining county, and in such other papers as the board may direct.” The defendant is presumed to have known the' law, and, having appeared at said sale with full knowledge of all the infirmities concerning the advertisement thereof and bid the property in for himself, was in no position to invoke the aid of a court of equity to confirm him in his title when such title was assailed by the vendor in a suit directly charging him with having secured the same through imposition practiced upon his vendor.
The State Board of Land Commissioners is a board created by article IX, section IX, of the state constitution. A part of this section reads as follows: viz., that the board “shall‘have the direction, control and disposition of the public lands of the *89 state, under such regulations as may be prescribed by law.” Whatever power the board possesses to sell state lands or any part thereof is derived from the constitution, and the manner or method to be pursued by it in selling or conveying the same is to be in accordance with" some legislative act prescribing or regulating the steps to be taken. Hence, when the board attempts to dispose of the state lands under its lawful powers, a failure on its part to substantially comply with the requirements of the legislative act concerning such disposition leaves the title unaffected and conveys no title in the land to the purchaser. Under such circumstances the acts of the board, in executing or delivering any deed or other muniment of title to the land, are ultra vires.
The legislature has enacted a statute prescribing the method and proceedings to be pursued by the board in the sale and disposition of state lands, one of the requirements being that the board shall, in a manner prescribed, publish notice of any contemplated sale. § 3640, M. A. S., ante.
In the case of Mulnix v. Life Insurance Company, 23 Colo. 71, the court had under consideration a claim against the state for supplies furnished by a stationery firm. A warrant was drawn for the amount claimed-to be due, but the treasurer refused payment on the ground that, as to a portion of the items included in the account, bids were not advertised for as provided by law. Section 29 of article 3 of the constitution provides that, “all stationery, printing, paper and fuel used in the legislative and other departments of government shall be furnished * * * and the repairing and furnishing of halls and rooms * * * shall be performed under con *90 tract to be given, to the lowest responsible bidder below such maxhiuim price and under such regulations as may be prescribed by law.” In carrying out this provision, the legislature in 1879 passed an act making the Secretary of State the purchasing agent for the three departments of state, and he is directed to advertise four weeks for bids on the articles to be so furnished. The Secretary of State purchased from the stationery company a large number of articles which were not advertised for in the notice for bids, but no fraud is charged against him in so doing. The court held there was no liability on the part of the state, and dismissed the action, for the reason that a number of articles included in the account were not included in the advertised notice for bids. The court, after adverting to the power of the Secretary of State to reject bids in the exercise of his discretion, used this language: “The duty, to secure these things, might, by implication, give authority to buy in any reasonable way, were it not that this power is otherwise limited by the constitution and the statute, and this method being the essential thing to protect the state, must be held to be exclusive and mandatory.” Again, “Every person who seeks to obtain from his dealings with the officer the obligation of the public, must, at his peril, ascertain that the proposed act is within the scope of the authority which the law has conferred upon the officer, ’ ’ citing with approval the case of Dement et al. v. Rokker, 126 Ill. 174, quoting excerpts at some length from that opinion, arid, in discussing said decision, the court say's, “The court holds that, inasmuch as the only power of these commissioners to contract was that derived from the *91 statute, contracts made in violation of its provisions were void, although the statute itself did not expressly so declare. The same principle applies here. The Secretary of State has no inherent power to make contracts or buy goods that binds the state. The only power to contract which he has is derived from the statute, and it is incumbent upon one seeking to bind a state through contract with him to see to it that the method of contracting prescribed by the statute is observed.” So it may be said in the case at bar, that the State Board of Land Commissioners had no inherent power to sell or dispose of lands belonging to the state. The only power to sell or dispose of such lands is derived from the constitution and the statutes. The legislature, in this case having prescribed, as a condition precedent to the sale of state lands, that such board should first advertise the notice of sale, it was incumbent upon the appellant, prior to the time he purchased the land, to have ascertained whether or not such advertisement had been made in conformity with the statute; as well as to inform himself as to whether or not the other requirements and duties enjoined upon the board by law had been observed.
The pleadings herein seem to indicate that the defendant has no interest in the case, except to recover the money he has already paid to the plaintiff, plus the $1,500.00 which he claims is the value of the permanent improvements put upon the land since his purchase of the same. He makes no effort to defend or protect his title to the land. By failing to deny the allegations of the complaint, he admits all the substantial averments thereof.
*92 Teller v. Hartman, 16 Colo. 447; Norton v. Young, 6 C. A. 187; Wilson v. Hawthorn, 14 Colo. 530; Putnam v. Lyons, 3 C. A. 144.
Only at the trial, as shown by the record, do. we find the defendant making any effort to avoid the suspicion cast upon him by the allegations in the complaint. At the trial he was interrogated as to whether or not, at the time of his purchase, he had any knowledge or information as to the defective and insufficient advertisement of the notice of sale, to which interrogatory plaintiff promptly objected, and the court properly sustained the objection, on the ground that no issue had been raised by defendant upon that important subject.
Adverting again to defendant’s answer, we observe that no judgment is asked for by defendant for moneys advanced on the purchase price and expended on improvements. The answer simply states that defendant has paid out certain moneys on account of the purchase price and an additional sum ©n account of expenses for fees, etc., and in addition thereto has expended $1,500.00 in permanent improvements upon the land since he bought the same; that by reason thereof plaintiff cannot maintain this suit, because no tender was made to defendant of the moneys paid out and expended as aforesaid, prior to bringing suit. As to the money paid by defendant on the purchase price, and for other items of expense, in the way of fees, advertising, etc., plaintiff, in the replication, tenders to defendant the sum of $420.00 in payment of those items, and authorizes the court to enter a judgment against plaintiff for the same in case plaintiff recovers in the suit; but denies any liability on the *93 part of plaintiff to pay defendant for improvements made on the land since its purchase.
Defendant has not called our attention *to any authority or to any statute of this state tending to support his claim for right of recovery against the state for the value of such improvements under conditions shown by the record to exist here, and we know of none. ’ -
As we read the record, we fail to see that the defendant’s rights have been in any manner invaded by the rulings and proceedings of the court below. The judgment will be affirmed.

Judgment Affirmed.