**CONSOLIDATED URANIUM MINES, Inc., a corporation, Appellant,**

v.

**Frank MOFFITT, Treasurer of Emery County, State of Utah; and Emery County, a body corporate and politic of the State of Utah, Appellees.**

No. 5801.

United States Court of Appeals
Tenth Circuit.

July 24, 1958.

Fred H. Evans, Salt Lake City, Utah, for appellant.

John G. Marshall, Asst. Atty. Gen.. of Utah (E. R. Callister, Jr., Atty. Gen. of Utah, on the brief), for appellees.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

As amended in 1930, Article XIII, Section 4, of the Constitution of Utah provided in presently pertinent part that all metalliferous mines and mining claims should be assessed as the legislature should provide; provided, the basis and multiple then presently used in determining the value of such mines for taxation purposes and the additional value of $5.00 per acre thereof should not be changed before January 1, 1935, or thereafter until otherwise provided by law. And Section 59–5–57, Utah Code Annotated 1953, provides in presently material part that all metalliferous mines and mining claims shall be assessed at $5 per acre and in addition thereto at a value equal to two times the average net annual proceeds thereof for the three

calendar years next preceding, or for as many years next preceding as the mine has been operating, whichever is less.

In 1950, Consolidated Uranium Mines, Inc., hereinafter referred to as Consolidated, leased from the locators thereof certain unpatented lode mining claims upon the unappropriated public domain of the United States in Emery County, Utah. As authorized by the lease, Consolidated went into possession of the claims and through contractual arrangements with a sublessee conducted thereon exploratory activities for the purpose of determining and defining bodies of uranium ore. During the years 1955 and 1956, the mining rights in the property were assessed under state law for purposes of ad valorem taxation based upon the net proceeds derived from the operations of the mine, but no value was ascribed to the claims upon a per acre basis. Consolidated paid under protest the taxes for the two years and instituted this action against the treasurer of the county and the county itself to recover back the amount paid. The action was submitted to the court upon stipulated facts. Judgment was entered dismissing the action with prejudice, D. C., 156 F.Supp. 24, and Consolidated appealed.

■ The primary ground of attack upon the assessments is that they were levied under color of state law upon unpatented mining claims located upon land belonging to the unappropriated public domain of the United States and therefore were void for the reason that the State was without power to subject to taxation property belonging to the United States. But the contention carries its own refutation. Section 59–5–57, supra, authorizes a tax upon metalliferous mines and mining claims, thus making clear a legislative intent and purpose to draw a distinction between the two. In respect to mines, it was the legislative intent to authorize a tax against the property and make the amount of the tax a lien upon the property. That provision in the statute concerns itself with property owned by the individual and

does not infringe any right of the United States. In respect to mining claims, it was the clear intent of the legislature to authorize a tax upon the possessory right to explore and develop mines under existing laws and regulations applicable thereto. These assessments against the mining claims were limited to the possessory right to explore and develop the premises for mining purposes. They were not against the title or fee of the United States in the land, either under the five-dollar per acre provision in the statute, or otherwise. And a tax—whether denominated ad valorem, occupation, use, gross proceeds, or otherwise—imposed under state law upon the possessory right to explore and develop mines located upon unpatented claims located upon land belonging to the unappropriated public domain of the United States is not open to challenge upon the ground that it constitutes a tax against property belonging to the United States. Forbes v. Gracey, 94 U.S. 762, 24 L.Ed. 313; Elder v. Wood, 208 U.S. 226, 28 S.Ct. 263, 52 L.Ed. 464.

■ The assessments are challenged upon the further ground that they were defective because the property taxed was inadequately described. The notices of assessment sent to Consolidated contained this description:

"Being upon mining rights in the group of unpatented mining claims A.E.C.—Nos. 1, 2, 2A, 3, 4, 5, 6, 8, 9, and 10, and North Mesa Nos. 2, 9, & 10, Marchbanks, Fumerol and Rex, located within what is generally known as the Temple Mountain Mining District, Emery County, Utah."

And in both notices, Consolidated Uranium Mines, Inc., Darling Building, Salt Lake City, Utah, was shown as the name and address of the owner of the property. The validity of an assessment in respect to the description of the property depends upon the law of the state in which the assessment is made. It is the rule of law in Utah that in assessing real estate, it should be referred to with rea-

sonable certainty as to locality and quantity. Eastman v. Gurrey, 15 Utah 410, 49 P. 310. These notices of assessment did not describe the mines by reference to government survey. They were silent in respect to section, township, and range numbers. But a description of the property by reference to government survey, or by reference to section, township, and range numbers was not indispensible to the validity of the assessments. The property was described with reasonable certainty as to locality and identity, and that was sufficient.

The judgment is

Affirmed.