No. 19,021.

G. T. RUMMEL, ET AL. *v.* WILLIAM E. MUSGRAVE, ASSESSOR, ET AL.

(350 P. [2d] 825)

Decided March 28, 1960.   Rehearing denied April 18, 1960.

Mr. EUGENE H. MAST, Mr. DAVID ROSNER, for plaintiffs in error.

Mr. GEORGE V. KEMPF, for defendants in error William E. Musgrave, et al.

Mr. DUKE W. DUNBAR, Attorney General, Mrs. PATRICIA H. MALOY, Assistant Attorney General, for defendant in error Homer F. Bedford, State Treasurer.

Messrs. FAIRLAMB & FAIRLAMB, Mr. J. FRED SCHNEIDER, Amici Curiae.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

THE parties are here in the same order as they appeared in the trial court and we will refer to them herein as plaintiffs and defendants.

Plaintiffs filed their action in the trial court to recover the payment of taxes paid under protest to the County Treasurer of Montrose County, Colorado. They are lessees of producing uranium lands under a lease from the United States of America entered into under the terms of the Atomic Energy Act of 1946.

As error they urge the finding of the trial court that the statute in question properly levies a tax upon them as lessees of such real property and upon their possessory rights as lessees of the United States. The plaintiffs further contend that the finding is the same as holding that the State of Colorado can lawfully assess and tax real estate owned by the United States of America.

The pertinent parts of the statute in question (C.R.S. '53, 137-5-4) read:

"All mines and mining claims bearing gold, silver, lead, copper or other precious or valuable minerals and possessory rights therein classified under the laws of this state as producing mines shall be assessed annually for the purposes of taxation as provided in this section: " * * *

"(3) In case the mine or mining claim shall not be patented, or entered for patent, but shall be assessable and taxable under this chapter on account of producing gross proceeds, then the possession shall be the subject of the assessment, * * * ."

Plaintiffs urge as error the findings of the trial court that the statute in question properly levies a tax against lessees of real property owned by the United States of America and upon the possessory rights of lessees of the United States.

The trial court determined that there is a difference between the assessment of possessory and leasehold rights of private citizens, and an attempt to assess the United States of America in its ownership of the land in question. We agree that the former is valid under our statutes and that the latter would be an invasion of the rights of the federal government. For example, in

*Elder v. Wood* (1908), 208 U. S. 226, 28 S. Ct. 263, 52 L.Ed. 464, it was held that a valid subsisting mining location or an interest therein is subject to taxation by a state, though the title to the land on which such mining claim is located is in the United States; and is part of the public lands. Thus here the plaintiffs' possessory rights by virtue of their leases with the United States of America are such an interest as is subject to taxation by the State of Colorado. Also see *People v. Henderson* (1888), 12 Colo. 369, 21 Pac. 144, and *Wood v. McCombe* (1906), 37 Colo. 174, 86 Pac. 319.

The difference between possession and ownership have long been recognized and need no citation of authority. The lease in question is separate property, vendible, subject to the consent of the lessor and inheritable, hence there is no reason to hold that it is not taxable as well, unless the tax can be said to be upon the separate and distinct ownership of the federal government.

What plaintiffs, as private business lessees of publicly owned property, are saying is that there can be no severance of total ownership into dominant and lesser estates just because the legal title of the property lies in a tax exempt owner. With this we cannot agree.

The granting of constitutional immunity from state taxation does not rest on such insubstantial formalities as the designation of a party using property of the United States of America as a "lessee." The question as to the constitutionality of a tax should be approached in the light of its practical operation, not its definition or the particular designation applied to it. *Detroit v. Murray Corp.* (1957), 355 U. S. 489, 2 L.Ed. (2d) 441, 78 S. Ct. 458; *Lawrence v. State Tax Com.* (1932), 286 U. S. 276, 76 L.Ed. 1102, 52 S. Ct. 556. Also see *U. S. v Detroit,* (1957) 355 U. S. 466, 2 L.Ed. (2d) 424, 78 S. Ct. 474 and *U. S. v. Muskegon* (1957), 355 U. S. 484, 2 L.Ed. (2d) 436, 78 S. Ct. 483.

One situation where state tax laws may run afoul of

the constitution in taxing the divisible interests making up the overall bundle of rights, which together constitute a fee simple ownership, is when parcels of property or rights belonging to the same class are not taxed equally as required by due process of law. See *People v. Henderson,* supra and *Phillips Chemical Company v. Dumas Independent School District* (1960) 361 U.S. 376, 80 S. Ct. 474. The instant case does not fall within this exception.

Here it is obvious that no burden is placed upon the United States Government in either a direct or indirect manner by the tax in question, and no constitutional question is involved. In addition the tax is not laid alone on a producing mine or mining claim, but also may be upon the possessory rights therein. Since it is the plaintiffs' admitted possession which is the subject of an assessment made without discrimination among the class of owners it follows that the tax in dispute was properly levied and collected.

The judgment of the trial court is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ not participating.