Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, CO 80203
Dear Mr. Smith:
This opinion letter is in response to your letter of July 6, 1984, in which you inquired about mining operations or oil and gas production from lands owned by the State of Colorado and managed by the State Board of Land Commissioners. Your inquiry is whether the property described above is taxable under section39-3-112(1) and (3), C.R.S. (1982), or is exempt under section39-3-112(5), C.R.S. (1982).
QUESTION PRESENTED AND CONCLUSION
Are mining operations and oil and gas production from lands owned by the state and managed by the State Board of Land Commissioners taxable under section 39-3-112(1) and (3), C.R.S. (1982) or exempt under section 39-3-112(5), C.R.S. (1982)?
 Mining operations and oil and gas production from lands owned by the state and managed by the state are taxable presuming these are lands leased to private operators.
ANALYSIS
Section 39-3-112(1), C.R.S. (1982) provides that when any real property which is exempt from taxation (state property is exempt from taxation under section 39-3-101(1)(d), C.R.S. (1982)) is leased — and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessee or user thereof shall be subject to taxation in the same amount and to the same extent as though the lessee were the owner of such property. Section 39-3-112(3), C.R.S. (1982) provides that the taxation of mines, oil and gas, or geothermal leaseholds shall be determined pursuant to sections 39-6-101 to39-6-115, C.R.S. (1982) and sections 39-7-101 to 39-7-108, C.R.S. (1982) and that section 39-3-112, C.R.S. (1982) shall not vary this taxation in any manner. Section 39-3-112(5), C.R.S. (1982), the section which appears to be in conflict with the preceding sections is probably not applicable if read and interpreted literally. The section reads as follows:
 This section is not applicable to lands used solely for agricultural purposes and improvements thereon, nor is this section applicable to lands owned by the state of Colorado and managed by the State Board of Land Commissioners.
Id. (emphasis added). There is no reference in this section to leasing which is addressed in sections (1) and (3) above.
The State Board of Land Commissioners derives its authority from Colo. Const. art. IX, § 9. It is empowered to direct, control, and dispose of public lands under such regulations as are and may be described by law. See Briggs v.People, 21 Colo. App. 85, 121 P. 127 (1912); seealso Evans v. Simpson, 190 Colo. 426, 547 P.2d 931
(1976). Statutory authority for the State Board of Land Commissioners is found in sections 36-1-101 to 36-1-146, C.R.S. (1973). It may select, locate, appraise, and classify public lands. These functions are managerial in nature.
Manage is defined as "to direct or control the use of, to exert control over, to make submissive to one's authority, discipline or persuasion, to direct or administer, to construe or arrange, etc." The American Heritage Dictionary (2d College ed. 1982).
The State Board of Land Commissioners is also empowered under section 36-1-113, C.R.S. (1984) to lease mineral lands at a rental to be determined by it. It may also sell state lands at any time pursuant to sections 36-1-124 and 125, C.R.S. (1973);36-1-125, C.R.S. (1984 Supp.).
Lease is defined as "to grant use or occupation of under the terms of a lease." The American HeritageDictionary, supra.
Thus, lease and manage are not synonymous.
The Colorado Supreme Court has held that "under a lease an interest or estate in the land itself is created." Radke v.Union Pacific Railroad Company, 334 P.2d 1077 (1959);see also Union Pacific Railroad Company v.Hanna, 214 P. 550, 73 Colo. 162 (1923). Similarly, inRummel v. Musgrave, 142 Colo. 249, 350, P.2d 825 (1960), the court held that "the lease in question is separate property, vendible, subject to the consent of the lessor and inheritable, hence there is no reason to hold that it is not taxable as well." Id. at 826. In addition, the court noted that the assessment of possessory and leasehold rights of private citizens are taxable under Colorado statute.Id.; see also State of Colorado v.Fisch's Estate, 387 P.2d 282 (1963), where the court stated at 285: "In Colorado at least, exemptions are a matter of grace and a claimed exclusion will not be granted unless given bythe constitution or unless the statute is clear andunambiguous. Id. at 285.
Thus it seems clear that section 39-3-112(1) and (3), C.R.S. (1982) are controlling with regard to lands that are being leased. Section 39-3-112(5) refers only to state lands that are owned by the State of Colorado and are managed by the State Board of Land Commissioners and said lands are not under mineral leases.
SUMMARY
Mining operations and oil gas production arising from a leasehold interest in state land that is leased to private citizens, even though owned and managed by the State Board of Land Commissioners, is taxable in Colorado. There is no conflict between sections 39-3-112(1) and (3) and 39-3-112(5), C.R.S. (1982) because the latter section refers specifically to lands that are managed and makes no reference to lands that are leased. Exemptions are strictly construed in the state and may not be implied.
Very truly yours,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE NATURAL RESOURCES MINERAL RIGHTS
Section 36-1-101-36-1-146, C.R.S. (1973) Section 36-1-113, C.R.S. (1984 Supp.) Section 36-1-124, C.R.S. (1973) Section 36-1-125, C.R.S. (1984 Supp.) Section 39-3-101(1)(I), C.R.S. (1982) Section 39-3-112(1), C.R.S. (1982) Section 39-3-112(3), C.R.S. (1982) Section 39-3-112(5), C.R.S. (1982)
Colo. Const. art. IX, § 9
LOCAL AFFAIRS DEPT. PROPERTY TAXATION, DIV. OF LAND COMMISSIONERS, STATE
Mining operations and oil and gas production from land owned by the State of Colorado and managed by the State Board of Land Commissioners are taxable if said lands are leased to private operators.