UNITED STATES v. COGHLAN et al.

(District Court, D. Maryland. November 3, 1919.)

TAXATION ⟠5—PROPERTY OF UNITED STATES SHIPPING BOARD NOT SUBJECT OF TAXATION.

Property acquired and owned by the United States Shipping Board Emergency Fleet Corporation, owned and operated solely by the United States for governmental purposes, *held* not subject to state taxation.

In Equity. Suit by the United States against William F. Coghlan and others, composing the Board of County Commissioners, and Nicholas Robley Merryman, County Treasurer, of Baltimore County, Md. Decree for complainant.

⟠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Samuel K. Dennis, U. S. Atty., of Baltimore, Md., and Wm. Y. C. Anderson, of Philadelphia, Pa., for the United States.

T. Scott Offutt, of Towson, Md., for defendants.

ROSE, District Judge. The county commissioners for Baltimore county assessed for taxes for the year 1919, certain land standing in the name of the United States Shipping Board Emergency Fleet Corporation, hereinafter called the "Fleet Corporation," and improved by it by the erection thereon of a number of workmen's dwellings, for the use of persons employed in shipbuilding in the vicinity, and also certain slips and shipyard shops and appurtenances standing on land belonging to a private shipbuilding company.

By the terms of the contract between the Fleet Corporation and the shipbuilding company, the government constructed or furnished the money for the construction of these slips and buildings. They were to be used by the shipbuilding company in building ships for the government. In certain contingencies, the shipbuilding company had the right to buy them at an appraisement. If it did not exercise the privilege, the government had the right to remove them within a limited time, and if such removal did not take place they then became the property of the shipbuilding company.

The United States filed a bill in equity in this court to annul such assessment and to enjoin the county commissioners and the treasurer of Baltimore county from taking any steps to collect the taxes upon such assessment. No request was made for a preliminary injunction, and the case proceeded in ordinary course to final hearing.

It was shown that all the stock of the Fleet Corporation was owned by the government, and that all it did was done for government account, and that all the profits which it made would inure to the government, which would have to stand all the losses. Under such state of facts, it is unnecessary to inquire whether for all purposes the Fleet Corporation is the government. It suffices that it is a governmental agency, exclusively employed in governmental work, and as such its property is not liable to state taxation.

At the hearing it was stated that, since the levy of the tax and the filing of the bill in this cause, but after some months of the taxing year had expired, the Fleet Corporation sold and conveyed the dwellings and the land upon which they stood to private interests. Nevertheless, as the tax was assessed for the entire year, and at the time it was assessed the property was not taxable, the levy must be set aside. In Maryland, so far as I know, there is no authority to impose and collect taxes for a part of the year, and as the result of vacating the original levy the property may escape taxation for the entire year. I do not decide that it will. I will leave such questions to be passed upon by the taxing authorities and the present owners of the land, unembarrassed by anything I may do or say.

The fact that the slips and shops are on land belonging to the shipbuilding company does not so long as the things taxed are the property of an agency of the United States, and are used exclusively for governmental purposes, make them taxable. It is not intended here

to intimate any opinion as to what the rights of the state would be if this property were at any time put to other use.

A decree declaring the levy void and enjoining its collection will be passed.