### UNITED STATES SPRUCE PRODUCTION CORPORATION v. LINCOLN COUNTY et al. (two cases).

(District Court, D. Oregon. December 18, 1922.)

Nos. 8585, 8600.

Taxation ☜6—Property held by United States Spruce Production Corporation held exempt from state taxation.

Property acquired by the United States, title to which is in the United States Spruce Production Corporation, a Washington corporation created by the Director of Aircraft Production as a governmental agency, and consisting of timber, mills, railroads, port terminals, etc., used and employed solely for governmental purposes, *held* not subject to state taxation.

In Equity. Suits by the United States Spruce Production Corporation against Lincoln County and others. On motions to dismiss bills. Denied.

Carew & Kerr and Omar C. Spencer, all of Portland, Or., for plaintiff.

G. B. McCluskey, Dist. Atty., and C. E. Hawkins, both of Toledo, Or., and McFadden & Clarke, of Corvallis, Or., for defendants.

WOLVERTON, District Judge. These are suits, two in number, by the United States Spruce Production Corporation against Lincoln County, Or., and the sheriff and county assessor, to enjoin the attempted collection of taxes assessed against property standing in the name of plaintiff. The first suit involves taxes for the years 1919 and 1920, and the second for 1921. The plaintiff is a corporation created under the laws of Washington, by the Director of Aircraft Production, pursuant to the Act of Congress of July 9, 1918, amending the Act of April 11, 1918 (U. S. Comp. Stat. 1918, Compact Edition, Appendix, p. 1771 [Comp. St. Ann. Supp. 1919, §§ 3115$^{1}$/₃₂g–3115$^{1}$/₃₂k, 6911a]), for purposes hereinafter indicated. This corporation was duly authorized to transact business in the state of Oregon.

Without reference to particular acts of Congress, it is sufficient to say that the President was authorized, within the limits of funds specifically appropriated, to requisition for the government war materials, including plants, etc., and the Secretary of War was authorized to condemn lands and interests therein for military purposes, including standing and fallen timber, sawmills, camps, logging roads, rights of way, etc., suitable for the effectual production of lumber and timber supplies, or to purchase the same, or enter into contracts for the use thereof, for like purposes; all such power of the President and Secretary of War being referable to war emergencies. Accordingly, the United States, under the direction of the President and Secretary of War, undertook the construction of certain logging roads in Washington and Oregon, which was begun by the Signal Corps, Aviation Section, of the United States Army, and later continued by the Bureau of Aircraft Production, Spruce Production Division, of the United States War Department; these being agencies through which the powers vested in the President and the Secretary of War were exercised, in pursuance of acts of Congress.

For the purposes indicated, the United States, acting through the Signal Corps, entered into a contract with Warren Spruce Company for the construction of the railroads described, and the acquisition of the rights of way. Likewise the Signal Corps entered into arrangements with the port of Toledo, and with other persons and corporations, for the acquisition of mills, terminals, and other property for war purposes. All these properties were afterwards transferred to the plaintiff by the Warren Spruce Company or the original owners thereof. Additional rights of way and property were acquired by plaintiff, and additional work was done upon said railroad lines by it. The properties concerned are particularly described in the complaint.

It has been determined that the Shipping Board Emergency Fleet Corporation is not a government organization or agency, possessing the attributes of sovereignty in the sense that it is entitled to immunity from suit in the courts, and that suitors have their ordinary remedies against it without being relegated to the Court of Claims. Sloan Shipyards Corporation et al. v. United States Shipping Board Emergency

Fleet Corporation, and allied cases (Nos. 308, 376, 526, October term, 1921) 258 U. S. 549, 42 Sup. Ct. 386, 66 L. Ed. ——. It may be assumed that the United States Spruce Production Corporation occupies like relation to the general government.

Counsel for defendants have filed a very exhaustive and able brief in support of the proposition that the property of the Spruce Production Corporation is not immune from state taxes. Such is the question involved here; not whether it is immune from suit or action as is the general government. The cardinal principle upon which the proposition is based is one which has been long established within the purview of the Constitution, namely, that a state tax may be lawfully assessed against the property of an agent of the general government, but not against the operations of such agent. This inhibition includes, very naturally, the means to be employed by which such operations are to be made effective for serving the purposes of the general government. To illustrate:

By the celebrated case of McCulloch v. State of Maryland, 4 Wheat. 316, 4 L. Ed. 579, it was held that the state of Maryland could not lawfully, in view of the federal Constitution, levy a tax upon the currency of a bank incorporated by act of Congress, but that it might tax the real property of the bank. The same doctrine was held and applied in Railroad Co. v. Peniston, 18 Wall. 5, 21 L. Ed. 787, where a tax upon the railroad was upheld. The cases seem to be uniform in support of the principle, which is concretely stated in Thomson v. Union Pacific Railroad, 9 Wall. 579, 591 (19 L. Ed. 792), in the following language:

"We fully recognize the soundness of the doctrine that no state has a 'right to tax the means employed by the government of the Union for the execution of its powers.' But we think there is a clear distinction between the means employed by the government and the property of the agents employed by the government. Taxation of the agency is taxation of the means; taxation of the property of the agent is not always, or generally, taxation of the means."

With this understanding of the doctrine, it may be questioned whether counsel's application is sound in the present case. The plaintiff corporation, while a private concern, was utilized as a government agency in prosecuting the exigencies of war. The very property which stands in the name of the agent was employed to meet such exigencies. It was acquired for such purposes, and, if denied its use, the agent would have been helpless. It could not have met the demands upon it for conserving war needs. In short, its operations would have been impeded, if not wholly balked and prevented. Thus it is obvious that, while the holdings described in the complaint in one sense are the property of the plaintiff, they are the vital means by which the government was enabled to carry out its chief purposes in prosecuting the war to a successful termination. The language in the headnote of Railroad Co. v. Peniston, supra, is apropos and pertinent:

"The exemption of agencies of the federal government from taxation by the states is dependent, not upon the nature of the agents, nor upon the mode of their constitution, nor upon the fact that they are agents, but upon the effect of the tax; that is, upon the question whether the tax does in truth deprive them of power to serve the government as they were intended to serve it, or hinder the efficient exercise of their power."

It would seem that the tax here sought to be annulled would necessarily affect the very means, instruments, and agencies by which the general government was endeavoring to carry into effect its power to carry on war; the agency itself, the plaintiff herein, being exclusively employed through the use and application of such means and property in governmental work. United States v. Wm. F. Coghlan et al., 261 Fed. 425, a case in the federal court for the district of Maryland.

But, however this may be, the property here standing in the name of the United States Spruce Production Corporation, concededly a governmental agency, is property acquired by funds appropriated by Congress to be used and employed for governmental uses and purposes, and none other. No private person or corporation, except in the capacity of an agent of the government, has any right, title, or interest therein. Property in like status has recently been held by the Circuit Court of Appeals for this circuit to be immune from local or state taxes. King County, Wash., v. United States Ship. Board E. F. Corp., 282 Fed. 950. The holding is predicated upon the legal conclusion that no permission has been granted the local authorities, by Congress or otherwise, to tax the property of the plaintiff.

Furthermore, the principle is involved, as alluded to in the case cited, that where property, the title to which is in the principal, is immune from taxes, it is likewise immune if the title is standing in the name of an agent or trustee for such principal. See cases cited in the King County Case.

The principle, to my mind, is applicable, and conclusive of the controversy. The motion to dismiss will be denied.