## Taxation of RFC Mortgage Company

Department of Justice. Opinion to Hon. David L. Lawrence, Secretary of the Commonwealth.

MARGIOTTI, Attorney General, June 14, 1935. — We have your request for an opinion as to whether The RFC Mortgage Company would be subject to the taxes imposed by the State of Pennsylvania upon foreign corporations doing business in this State.

You advise that The RFC Mortgage Company is a corporation organized and doing business under and by virtue of the laws of the State of Maryland. The total authorized capital stock of the company is $25,000,000, divided into 250,000 shares with a par value of $100 each, which the board of directors are authorized and empowered to issue from time to time. Stock of the par value of $10,000,000 has been purchased by and issued to the Reconstruction Finance Corporation, an agency of the United States Government, with the approval of the President, pursuant to section 5 (c) of the Reconstruction Finance Corporation Act of January 22, 1932, 47 Stat. at L. 5, as amended by the Act of January 31, 1935, 49 Stat. at L. 3.

The purpose of The RFC Mortgage Company is set forth in its charter, as follows:

"*Third*—The purpose for which the Company is formed and the business to be carried on by it are as follows:

"To lend money secured by mortgages, deeds of trust, or other instruments conveying, or constituting a lien upon real estate, or any interest therein, and upon personal property used in connection with the operation of such real estate on which a lien is taken; to carry on the general business of dealing in and lending upon mortgages on, and deeds of trust of, real estate, real estate mortgage bonds and securities, and all other securities of a similar nature; to borrow money for any of the pur-

poses of the Company and to issue its secured or unsecured obligations therefor; to conduct its operations and business and to maintain branches or agencies in any or all states, territories, districts and portions of the United States; and to do and perform any and all acts and things necessary for or incidental to the operation of the business of a general mortgage loan corporation.

"The foregoing shall be construed both as purposes and powers, and it is expressly provided that the above enumeration of specific purposes and powers shall not be held to limit or restrict in any manner the purposes and powers conferred upon or enjoyed by the Company by virtue of the laws of the State of Maryland or any other State."

In view of the conclusions arrived at in this opinion, it is not necessary to examine the laws of this Commonwealth imposing tax on foreign corporations and to quote the specific pertinent provisions.

The Reconstruction Finance Corporation was organized by the Act of Congress of January 22, 1932, 47 Stat. at L. 5, 15 U. S. C. §§601 et seq.

Section 2 of the act provides that the capital stock is owned by the United States.

Section 10 provides in part as follows:

"The corporation, including its franchise, its capital, reserves, and surplus, and its income shall be exempt from all taxation now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority; except that any real property of the corporation shall be subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed."

Section 5 (c) of the act, as amended by the Act of January 31, 1935, 49 Stat. at L. 3, provides:

"To assist in the reestablishment of a normal mortgage market, the Reconstruction Finance Corporation may, with the approval of the President, subscribe for or make

loans upon the nonassessable stock of any class of any national mortgage association organized under sections 1716 to 1723 of Title 12 and of any mortgage loan company, trust company, savings and loan association, or other similar financial institution, now or hereafter incorporated under the laws of the United States, or of any State, or of the District of Columbia, the principal business of which institution is that of making loans upon mortgages, deeds of trust, or other instruments conveying, or constituting a lien upon, real estate or any interest therein. In any case in which, under the laws of its incorporation, such financial institution is not permitted to issue nonassessable stock, the Reconstruction Finance Corporation is authorized, for the purposes of this section, to purchase the legally issued capital notes or debentures of such financial institutions. The total face amount of loans outstanding, nonassessable stock subscribed for, and capital notes and debentures purchased and held by the Reconstruction Finance Corporation, under this section, shall not exceed at any one time $100,000,000. Notwithstanding any other provision of law, the Reconstruction Finance Corporation may, under such rules and regulations as it may prescribe (which regulations shall include at least sixty days' notice of any proposed sale to the issuer or maker), sell, at public or private sale, the whole or any part of the stock, capital notes, or debentures acquired by the Corporation pursuant to this section, and the preferred stock, capital notes, or debentures acquired pursuant to any other provision of law. The amount of notes, bonds, debentures, and other such obligations which the Reconstruction Finance Corporation is authorized and empowered to issue and to have outstanding at any one time under existing law is hereby increased by an amount sufficient to carry out the provisions of this section."

The following questions necessarily arise:

1. Is The RFC Mortgage Company an agency of the United States?

2. Is The RFC Mortgage Company employed as an agency or instrumentality of the United States for the exercise of the constituted powers of the United States?

I

In the case of United States et al. v. Lewis et al., 10 F. Supp. 471, decided by the United States District Court for the Western District of Kentucky on April 8, 1935, the court, consisting of United States Circuit Judge Moorman and the United States District Court Judges Dawson and Henderson, held that the Reconstruction Finance Corporation is an agency of the United States Government, that its property is the property of the United States, and that the activities of the corporation are as much activities of the United States Government as if they were conducted by the Secretary of the Treasury or some other governmental official.

A similar conclusion has been reached by this department: State Tax on Mortgages to Federal Agencies, 20 D. & C. 370.

The RFC Mortgage Company is wholly owned by the Reconstruction Finance Corporation. It is, therefore, owned by the United States. The Reconstruction Finance Corporation as holder of all of the outstanding stock controls The RFC Mortgage Company. The latter is, therefore, controlled by the United States. We conclude that The RFC Mortgage Company is an agency and instrumentality of the United States.

Our conclusion is based upon the fact that the United States is the sole owner of the company. The immunity of The RFC Mortgage Company from taxation by the State of Pennsylvania which we conclude exists will continue only so long as the company is owned solely by the United States.

II

Does The RFC Mortgage Company exercise the constituted powers of the United States?

Corporations owned by the United States, some incor-

porated by Federal law and others incorporated under State laws, have been employed in carrying on the business of the government of the United States. It has been found that certain phases of the business of the government can be carried on more expeditiously by such corporations than by branches of the government itself. For example, we refer to the United States Sugar Equalization Board, Inc., the United States Grain Corporation, the United States Housing Corporation, the United States Spruce Production Corporation, the War Finance Corporation, the Home Owners' Loan Corporation, the Reconstruction Finance Corporation, the Commodity Credit Corporation, and the United States Shipping Board Emergency Fleet Corporation.

Such corporations have been held to be agencies of the United States Government and exercising governmental functions: United States v. Coghlan, 261 Fed. 425; Clallam County v. United States, 263 U. S. 341.

The fact that the United States utilizes a corporation to effect its purposes does not render the activity of the corporation nongovernmental. We cannot conclude, however, that the ownership of a corporation by the United States is conclusive that its activities are governmental: Ohio v. Helvering, 292 U. S. 360.

The functions of governments have greatly broadened in the past decade. A strict construction of the Federal Constitution as originally adopted would limit the activities of the Government and its agencies to those prescribed by the Constitution to carry out its expressed purposes. The rule of incidental and applied powers, however, has enabled our Federal Government as such to engage in fields of activity and to adopt agencies to accomplish purposes which would not come within the express provisions of the Constitution. Particularly has this been true during the past two periods of great national emergency, the World War and the present economic depression. During the World War the efficiency of the country as a war nation depended upon its entering directly into

fields theretofore occupied solely by private industry. This was done through the agency of corporations wholly owned by the United States. Private corporations have not been able to cope with present economic emergencies. Particularly has this been true of activities involving the outlaying of capital. The Federal Government has seen fit to make available large amounts of money and credit for the relief of the citizens of the country. The use of Federal funds for this purpose is, under the circumstances, a wholly governmental function. The means used must, therefore, be accepted as a governmental means. A corporation owned by the United States and performing such a part of the governmental activities must, therefore, be considered as a governmental agency performing a governmental function. Examples of corporations carrying out these purposes and functions under present conditions are the Reconstruction Finance Corporation and the Home Owners' Loan Corporation. There are many others of similar constitution and purpose.

The need for mortgage money has become so great that the money must be furnished by the Federal Government. The Home Owners' Loan Corporation has entered the limited field of refinancing defaulted mortgages. The Reconstruction Finance Corporation has to a limited extent entered the field of financing industry. Under the circumstances, these are proper governmental activities. The RFC Mortgage Company will enter the general mortgage field. It is a necessary supplement to the Reconstruction Finance Corporation and the Home Owners' Loan Corporation. It is a direct offspring of the Reconstruction Finance Corporation and is provided for by the amendment to the Reconstruction Finance Corporation Act. The purpose of the Federal Government entering this field is clearly stated by the first clause of section 5 (c) of the Reconstruction Finance Corporation Act, as amended, as follows: "To assist in the reestablishment of a normal mortgage market". It is our opinion, there-

fore, that The RFC Mortgage Company does exercise the constituted powers of the United States.

An instrumentality or agency of the United States, wholly owned by the United States, is not subject to taxation without consent or express legislation by Congress: United States v. Coghlan, supra; Clallam County v. United States, supra.

Congress has not passed any general act consenting that the agencies of the Government used in carrying out the purposes of the Government may be taxed by the States in which they may transact business. We do not find any Federal law which expressly consents to the taxing of The RFC Mortgage Company by the several States.

It is our opinion, therefore, and we so advise, that The RFC Mortgage Company may be authorized to do business in this State upon the paying of the filing fee of $30, without becoming subject to the payment of the usual taxes and bonuses imposed in Pennsylvania upon foreign corporations doing business in this State.

The conclusion reached in this opinion is in line with the position of the Commonwealth in the case of Commonwealth, ex rel., v. Kyle et al. in which the State is resisting an effort on the part of the Federal Government to tax Pennsylvania State liquor stores and the liquor owned by them. The Federal Government is insisting upon taxing what the State conceives to be a governmental agency carrying out a proper governmental function. The ultimate decision in that case will probably judicially determine the question dealt with in this opinion.