UNITED STATES v. CITY OF MILWAUKEE et al.

(Circuit Court, E. D. Wisconsin. February 1, 1893.)

TAXATION—EXEMPTION—TITLE IN UNITED STATES.

So long as the United States retains the legal title to property it has sold to secure the payment of the purchase money, and any part of the same remains unpaid, the property is not subject to taxation by the state; and this rule is not affected by the fact that meantime the government retains the use of the property, and pays rent therefor to the purchaser.

In Equity. Suit to enjoin the collection of taxes.

Elihu Colman and Wells, Brigham & Upham, for the United States.
Conrad Krez, for defendants.

JENKINS, Circuit Judge. In the case of the United States of America against the city of Milwaukee and its treasurer and the county of Milwaukee and its treasurer, a bill is filed to enjoin the collection of certain city and county taxes levied upon the premises upon which the present building occupied by the federal offices is located, upon the ground that the premises, being the property of the United States, are exempt from taxation. In 1891 the congress authorized the secretary of the treasury to sell the present building and site in the city of Milwaukee at public or private sale, subject to the right of the United States government to occupy the same at a reasonable rental, not exceeding 6 per cent. upon the sum for which the same is sold, until the completion of the new building. It appeared and was conceded at the argument that in pursuance of that authority the secretary of the treasury entered into an agreement with Thomas L. Gates, by which, in consideration of the sum of $256,000,—one-fourth to be paid the 1st of January, 1892, and the balance in three equal annual payments, with 6 per cent. interest per annum,—the government agreed, when the purchase money should have been fully paid, to convey by quitclaim deed to Gates, his heirs and assigns, the premises in question: provided, however, that possession of the land and premises should be retained by the government until the completion and occupation of the new building, to be erected in pursuance of the act of congress, upon payment by the United States, as rental for the use and occupation of the property, of a sum equal to 6 per cent. upon the sum for which the premises were sold. It also appeared, by the concession of counsel, that one-half of this sum had been paid, and

that one-half still remains due and unpaid. It is insisted by the city of Milwaukee that, by reason of the premises, the property is the property of the purchaser or his assignee, and is subject to taxation.

The principle has been several times announced by the supreme court of the United States as follows:

"That land sold by the United States may be taxed before the possession of legal title by issue of patent. But this principle is applicable to cases where the right to the patent is complete, and the equitable title is fully vested in the party, without anything more to be paid, or any act to be done going to the foundation of his right."

This doctrine is recognized in Railway Co. v. Prescott, 16 Wall. 603, 21 L. Ed. 373; Railway Co. v. McShane, 22 Wall. 446, 22 L. Ed. 747; Colorado Co. v. Pueblo Co. Com'rs, 95 U. S. 259, 24 L. Ed. 495; Northern Pac. R. Co. v. Traill Co., 115 U. S. 600, 6 Sup. Ct. 201, 29 L. Ed. 477. In the latter case all that remained to be done by the purchaser was the payment into the treasury of the United States of the cost of surveying, selecting, and conveying the land; and it was held that, although the purchase price had been paid in full, yet as the cost of surveying, selecting, and conveying the lands still remained, the land was exempt from state or territorial taxation until such payment is made into the treasury. Here there remains one-half of the total sum now due and unpaid. In the judgment of the court, these facts exempt this property from taxation. It may be that the purchaser may not complete his payments, in which case the title will remain in the United States of America. And so long as the government has a monetary interest in the property, retaining the legal title, the property is the property of the United States, so far as the question of taxation is concerned. It is true, the government holds the title in trust for the purchaser, so far as he has made payments; but that is liable to be extinguished by forfeiture for nonpayment of the remainder, and until the purchase price of the property has been fully paid, and the whole equitable interest in the property vested in the purchaser, and nothing remains but for the United States to issue its patent pursuant to the agreement, in the judgment of the court that property is not subject to state taxation. It therefore follows that the injunction must be granted, so far as to restrain the city treasurer from selling this land for the taxes. The court will not enjoin the treasurer from making his return to the county treasurer as the law requires, and, if the sale by the county treasurer is desired to be enjoined, it must be done by future application. I do not think that the fact that the government retains the use of these premises under this agreement until the new federal building is completed, with agreement to pay the same interest upon the whole amount as rental that the purchaser is to pay of the deferred payments, constitutes any reason why the principle established by the supreme court should not be applicable. The injunction will therefore issue to restrain the city treasurer from selling on the city tax of 1892.