# PACIFIC SPRUCE CORPORATION v. LINCOLN COUNTY, OR., et al.

District Court, D. Oregon. September 19, 1927.

No. 8906.

1. **Taxation ⬤⟲79—Under law of Oregon, all lesser interest in land are merged in legal title for purposes of taxation (Laws Or. 1919, p. 231).**

Under Laws Or. 1919, p. 231, legal title to real estate alone is subject to taxation, and all lesser estates are merged therein for that purpose.

2. **Taxation ⬤⟲215—Under statute, lesser interests in land, fee of which is in United States, are exempt from taxation (Or. L. § 4235).**

Under Or. L. § 4235, when the legal title to real estate is in the United States, all estates

or interests therein less than the fee are exempt from taxation.

3. **Taxation ⬤⟲215—Interest of purchaser in land, title to which is retained by United States as security for purchase money, is not taxable.**

Interest of purchaser under contract of land, title to which is retained by United States as security for purchase money, is not subject to local taxation.

In Equity. Suit by the Pacific Spruce Corporation against Lincoln County, Or., and others. On motion to dismiss bill. Denied.

McCamant & Thompson, of Portland, Or., for plaintiff.

Martin L. Pipes, John M. Pipes, and George A. Pipes, all of Portland, Or., for defendants.

McNARY, District Judge. This is a suit to enjoin the defendants from the levy and enforcement of a tax upon timber land, a mill site, and other properties in Lincoln county, Or.

The case is before the court upon a motion of the defendants to dismiss the bill of complaint, for the reason that it does not state facts sufficient to constitute a cause of suit.

It appears that Congress created a public corporation known as the United States Spruce Production Corporation, and caused it to acquire, and it now holds, the legal title to said properties, in trust for the use and benefit of the United States. Thereafter a contract was entered into whereby the corporation agreed to convey said properties to the plaintiff in consideration of $2,000,000. Approximately $1,000,000 of the purchase price has been paid, and the balance is to be paid in installments, the last of which will become due in 1932. The contract contains the usual forfeiture clause, and gives to the plaintiff the right to the possession of the properties, with the privilege of cutting and disposing of the timber thereon.

In 1921 the defendants assessed the right, title, and interest of the plaintiff in the properties, subject to the paramount title therein of the United States. Counsel for the defendants state the basis upon which said assessments were made, as follows:

"The legal effect of the contract pleaded by equitable conversion is to vest in the plaintiff the beneficial ownership of all the property, and that the legal title in the United States Spruce Production Corporation is a security for the purchase price; that such an interest is real property and

would pass to the heir and not to the executor; that under the statute of the state of Oregon that interest, being real property less than the fee-simple title, is taxable, and that by the terms of the assessment set out it is only that interest, so vested in the plaintiff, that is assessed and taxed, subject to the rights of the United States Spruce Production Corporation and of the United States."

[1] Chapter 166 of the Session Laws of Oregon for 1919, pertaining to assessment and taxation, provides:

"The terms land, real estate and real property, as used in this act, shall be construed to include the land itself; * * * also any estate, right, title or interest whatever in land or real property, less than the fee simple."

Under this enactment, the legal title to real estate alone is the subject of taxation, and all lesser estates are merged therein for such purpose. Nehalem Timber Co. v. Columbia County, 97 Or. 100, 189 P. 212, 191 P. 318.

[2] This state has inserted in its general tax laws the following provision (Or. L. § 4235):

"The following property shall be exempt from taxation: (1) All property, real and personal, of the United States and this state, except land belonging to this state held under a contract for the purchase thereof."

This section has reference to the res. Consequently, when the legal title to real property is vested in the United States, all outstanding interests or estates therein less than the fee are exempt from taxation. Obviously the assessment in question cannot be sustained under the laws of Oregon.

The Constitution of the United States impliedly prohibits the states from taxing any property of the government, or the instrumentalities through which its powers are exercised. Irwin v. Wright, 258 U. S. 219, 42 S. Ct. 293, 66 L. Ed. 573; Jaybird Mining Co. v. Weir, 271 U. S. 609, 46 S. Ct. 592, 70 L. Ed. 1112; United States v. City of Milwaukee (C. C.) 100 F. 828; Oakes v. Myers (C. C.) 68 F. 807; Mint Realty Co. v. Philadelphia, 218 Pa. 104, 66 A. 1130, 11 Ann. Cas. 388; Copp v. State, 69 W. Va. 444, 71 S. E. 580, 35 L. R. A. (N. S.) 669; Central Pac. R. Co. v. Howard, 52 Cal. 227; State v. Itasca Lumber Co., 100 Minn. 355, 111 N. W. 276.

Exceptions to this constitutional restriction have been recognized by these courts thus: When Congress has prescribed conditions upon which portions of the public domain may be alienated, and all of such conditions have been complied with and a complete equitable title vested in the purchaser, such purchaser will be treated as the beneficial owner of the land, and the same will be subject to taxation for local purposes.

The same exception applies to land embraced within a grant to a railroad, where the conditions imposed by the government have been complied with and nothing remains to be done by the company going to the foundation of its right to a conveyance.

[3] In this case the United States retains the legal title to the properties to secure the payment of a part of the purchase price, and they cannot be taxed by Lincoln county.

The motion to dismiss will be overruled.