## CLALLAM COUNTY, WASHINGTON, ET AL. *v.* UNITED STATES AND UNITED STATES SPRUCE PRODUCTION CORPORATION.

ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 255.  Argued November 15, 1923.—Decided November 26, 1923.

1. A suit by the United States and its corporate instrumentality against a county and its taxing officers, to avoid state and county taxation of property held by the corporation, upon the ground of

---

its immunity under the Constitution, is a suit arising under the Constitution, and within the jurisdiction of the District Court. Jud. Code, § 24. P. 344.

2. A State cannot tax the property of a liquidating corporation which, though formed under her laws, was brought into existence and operated by the United States purely as an instrument of war, whose property was furnished, whose stock and bonds are held, and whose assets realized from the liquidation will be taken over, by the United States alone. P. 344. *Thomson* v. *Pacific Railroad,* 9 Wall. 579, distinguished.

QUESTIONS propounded by the Circuit Court of Appeals in a suit brought by the United States and the Spruce Production Corporation to set aside taxes on property held by the corporation. The plaintiffs got a decree in the District Court. 283 Fed. 645.

Mr. *Thomas F. Trumbull* and Mr. *John D. Fletcher,* with whom Mr. *Overton G. Ellis,* Mr. *Robert E. Evans,* Mr. *William B. Ritchie,* Mr. *F. L. Plummer,* Mr. *John M. Wilson* and Mr. *S. Warburton* were on the brief, for Clallam County et al.

Mr. *Solicitor General Beck,* with whom Mr. *George Ross Hull,* Special Assistant to the Attorney General, was on the brief, for the United States et al.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case comes here upon a certificate from the Circuit Court of Appeals. The suit was brought against the appellants, Clallam County, incorporated by the State of Washington, and its taxing officers, for a decree " cancelling ", as it is put in the certificate, the taxes levied by the County and State for the years 1919, 1920 and 1921, upon land and other physical property to which the United States Spruce Production Corporation then had the legal title. 283 Fed. 645. The questions certified are (1) whether the District Court of the United States

had jurisdiction of this suit, and (2) whether the property held by the Spruce Production Corporation is subject to state taxation upon facts the statement of which may be abridged as follows.

The Act of July 9, 1918, c. 143, ch. xvi, § 1; 40 Stat. 845, 888, authorized the Director of Aircraft Production to form one or more corporations under the laws of any State for the purchase, production, manufacture and sale of aircraft, or equipment or materials therefor, and to own and operate railroads in connection therewith, whenever in his judgment it would facilitate the production of aircraft, &c., for the United States and Governments allied with it " in the prosecution of the present war." By § 3 within one year from the signing of a treaty of peace with Germany proceedings were to be begun for the dissolution of the corporation so formed. In August, 1918, this corporation was organized under the laws of Washington. The stock except seven shares for the trustees of the corporation was subscribed for by the United States and those shares were controlled by the United States and all property and dividends accruing from them were assigned to the United States. The United States conveyed to the corporation the lands and property now sought to be taxed and a partially performed contract under which these lands were to be acquired and a sawmill and logging railroad were to be built. The corporation issued bonds that were all taken by the United States for cash or in payment for the property conveyed to the company. It proceeded to complete the railroad and mill and to get materials for aircraft for the use cf the United States in the war and its activities " were wholly directed to the government's program of production of aeroplane lumber." After the armistice these activities have been directed to liquidating the corporation's affairs, although to accomplish it some further contracts have been made, but, as we understand, solely for that end. The regulations of the Chief of Air

Service appointed under the National Defense Act provide for administrative supervision of the liquidation under the Secretary of War.

In short the Spruce Production Corporation was organized by the United States as an instrumentality for carrying on the war, all its property was conveyed to it by or bought with money coming from the United States and was used by it solely as means to that end, and when the war was over it stopped its work except so far as it found it necessary to go on in order to wind up its affairs. When the winding up is accomplished there will be a loss, but whatever assets may be realized will go to the United States. Upon these facts immunity is claimed from taxation by a State.

The immunity is claimed under the Constitution of the United States. It is true that no specific words forbid the tax, but the prohibition established by *McCulloch* v. *Maryland*, 4 Wheat. 316, was established on the ground that the power to tax assumed by the State was in its nature "repugnant to the constitutional laws of the Union" and therefore was one that under the Constitution the State could not use. 4 Wheat. 425, 426, 430. The immunity is derived from the Constitution in the same sense and upon the same principle that it would be if expressed in so many words. Therefore this suit arises under the Constitution and the District Court had jurisdiction of the case. Judicial Code, March 3, 1911, c. 231, § 24. The first question must be answered, Yes.

The State claims the right to tax on the ground that taxation of the agency may be taxation of the means employed by the government and invalid upon admitted grounds, but that taxation of the property of the agent is not taxation of the means. We agree that it "is not always, or generally, taxation of the means," as said by Chief Justice Chase in *Thomson* v. *Pacific Railroad*, 9 Wall. 579, 591. But it may be, and in our opinion clearly

is when. as here not only the agent was created but all the agent's property was acquired and used, for the sole purpose of producing a weapon for the war. This is not like the case of a corporation having its own purposes as well as those of the United States and interested in profit on its own account. The incorporation and formal erection of a new personality was only for the convenience of the United States to carry out its ends. It is unnecessary to consider whether the fact that the United States owned all the stock and furnished all the property to the corporation taken by itself would be enough to bring the case within the policy of the rule that exempts property of the United States. *Van Brocklin* v. *Tennessee,* 117 U. S. 151. It may be that if the United States saw fit to avail itself of machinery furnished by the State it would not escape the tax on that ground alone. But when we add the facts that we have recited we think it too plain for further argument that the tax could not be imposed. See *United States Spruce Production Corporation* v. *Lincoln County,* 285 Fed. 388; *United States* v. *Coghlan,* 261 Fed. 425; *King County* v. *United States Shipping Board Emergency Fleet Corporation,* 282 Fed. 950. We answer the second question, No.

*Question 1.* Answer, Yes.
*Question 2.* Answer, No.