OLSON ET AL., CO-PARTNERS, DOING BUSINESS UNDER THE FIRM NAME OF OLSON BROS. OR OLSON & OLSON v. UNITED STATES SPRUCE PRODUCTION CORPORATION.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 128. Argued March 5, 6, 1925.—Decided March 16, 1925.

1. Where a federal statute excludes jurisdiction in state as well as federal courts, a judgment of a District Court dismissing the case for that reason is not reviewable here directly under Jud. Code § 238. P. 467.

2. The Dent Act, which provides for adjustment of certain classes of claims against the United States through the Secretary of War and by suit in the Court of Claims, did not purport to confer jurisdiction on that court over a suit against the United States Spruce Production Corporation, which, though a federal agency, is a corporation of the State of Washington. P. 466.

3. An action against the Spruce Corporation to recover for work done, materials furnished or destroyed and profits lost in consequence of a government requisition prior to the Dent Act, *held* within the jurisdiction of the state court and of the District Court on removal, whatever the merits. *Id.*

Reversed.

ERROR to a judgment of the District Court dismissing an action for want of jurisdiction as a federal court.

*Mr. O. A. Neal,* with whom *Messrs. R. H. Cake, John C. Murphy* and *F. R. Salway* were on the brief, for plaintiffs in error.

The United States Spruce Production Corporation is a distinct corporate entity and may be sued as any private corporation. *Sloan Shipyards Corp.* v. *Fleet Corp,* 258 U. S. 549; *The Lake Monroe* 250 U. S. 246; *Com. Finance Corp.* v. *Landis,* 261 Fed. 440; *Gould Coupler Co.* v.

*Fleet Corp.,* 261 Fed. 716; *Lord & Burnham Co.* v. *Fleet Corp.,* 265 Fed. 955; *Bank-Russo-Asiatique of London* v. *Fleet Corp.,* 266 Fed. 897; *Ingram Day Lumber Co.* v. *Fleet Corp.,* 267 Fed. 283; *United States* v. *Salas,* 234 Fed. 842; *Panama R. R.* v. *Curran,* 257 Fed. 768; *Ingersol Rand Co.* v. *Fleet Corp.,* 187 N. Y. S. 695; *Eichberg* v. *Fleet Corp.,* 273 Fed. 886; *In re Eastern Shore Shipbuilding Corp.,* 274 Fed. 893; *American Cotton Oil Co.* v. *Fleet Corp.,* 270 Fed. 296; *United States* v. *Strang,* 254 U. S. 491; *Krichman* v. *United States,* 254 U. S. 616.

The United States Spruce Production Corporation was organized under the laws of the State of Washington, which creates it a body politic and corporate with power to sue and be sued in any court of law or equity where it may transact business. This is a statement of a power which is incidental to every corporation.

The doctrine of government immunity has but little place in this country. *United States* v. *Lee,* 106 U. S. 196; *Gould Coupler Co.* v. *Fleet Corp.,* 261 Fed. 716; *Fed. Sugar Ref. Co.* v. *U. S. Sugar Equalization Bd.* 268 Fed. 585.

Exclusive ownership of stock by the United States does not make the corporation immune from suit. *United States* v. *Strang,* 254 U. S. 491; *Salas* v. *United States,* 234 Fed. 842; *Panama R. R.* v. *Curran,* 256 Fed. 772; *Bank of U. S.* v. *Planters' Bank,* 9 Wheat. 904; *Bank of Ky.* v. *Wister,* 2 Pet. 318; *Brisco* v. *Bank of Ky.,* 11 Pet. 257.

The creation by Congress of a corporation to facilitate discharge of a governmental function does not in itself imply immunity from suit. *Osborn* v. *Bank,* 9 Wheat. 738; *McCulloch* v. *Maryland,* 4 Wheat. 315; *Farmers' Bank* v. *Dearing,* 91 U. S. 29; *Thompson* v. *Union Pac. R. Co.,* 9 Wall 579; *Davis* v. *Elmira Savings Bank,* 161 U. S. 275; *United States* v. *Union Pac. R. Co.,* 98 U. S. 569; *Luxton* v. *North River Bridge Co.,* 156 U. S. 525.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for defendant in error.

The court below had no jurisdiction of the cause of action alleged. There was no attempt to allege a cause of action against the Corporation based upon any contract made by it for its own benefit or anything done by it in its corporate capacity. The cause of action set forth is under the so-called Dent Act. It is, in express terms, an action brought because the Secretary of War had rejected a claim under the Dent Act. That is its sole basis. But under that act the Court of Claims has exclusive jurisdiction, *Nassau Smelting & Refining Works* v. *United States,* 266 U. S. 101.

The only things specifically alleged to have been done by plaintiffs were prior to the 19th day of August, 1918, when the corporation was organized; and it is alleged that thereafter the corporation took over and assumed control of and undertook the work theretofore carried on or directed by the Spruce Production Division, and, acting through and by the same officers, " further promised and assured plaintiffs that they would be compensated therefor " and " thereby ratified and confirmed all that had been theretofore done and/or promised by said Spruce Production Division." The only allegations with respect to prior promises of compensation were that the plaintiffs " would be reimbursed by the Government." The case presented, therefore, is not one calling for determination of the question whether the Spruce Corporation is generally immune from suit, and such was not the basis of the decision by the court below.

As to the status of the Spruce Production Corporation, see *Clallam County* v. *United States,* 263 U. S. 341; *Erickson* v. *United States,* 264 U. S. 246. The suit is not against the corporation upon contracts made by it, in its own behalf, or upon work done for it at its request. The

suit is for compensation which agents of the War Department had promised would be paid by the Government of the United States for work done pursuant to authority conferred by acts of Congress upon the President and Secretary of War. While ordinarily the question of liability of an agent would go to the merits, rather than to the jurisdiction of the court, nevertheless, where the allegation is that the agent was an agent of the United States—a division of its War Department—that what it did was done in behalf of the United States, and pursuant to authority of acts of Congress; that its promises were of compensation to be made by the United States; and where it appears that Congress has provided a special and exclusive remedy under such circumstances, the conclusion would seem to follow that no court other than the court specified in the act of Congress has jurisdiction of the subject matter of the controversy.

Furthermore, the Dent Act waives the provision of law in favor of the United States relating to the manner prescribed for executing the agreements, and limits the liability of the United States by excluding prospective or possible profits. The United States has therefore consented to be sued in a class of cases which could not theretofore have been brought against it. It has provided for itself a special and partial defense to such claims, and has prescribed a specific court in which such matters may be litigated. No other court, therefore, has jurisdiction to entertain a suit against a Government agent based upon such a claim and subject to such a limit of liability. Looked at in this way, the question seems clearly to be one of jurisdiction.

Though the defendant named is the corporation, nevertheless the allegations themselves are to the effect that it is not the real party in interest.

The suit is a mere device to avoid the jurisdiction prescribed by Congress, and to seek a judgment, binding

upon the property of the United States, in a tribunal deemed more favorable and under circumstances less onerous. It appearing, therefore, that the suit "does not really and substantially involve a dispute or controversy properly within the jurisdiction of said court," it was properly dismissed. Judicial Code, § 37.

Mr. Justice Holmes delivered the opinion of the Court.

This case comes here directly from the District Court by a writ of error and a certificate that the action was dismissed upon the ground that the Court had no jurisdiction.

The suit was begun in a Court of the State of Oregon and removed. It was brought against the corporation described in *Clallam County* v. *United States*, 263 U. S. 341, to recover for work done, materials furnished or destroyed, and profits lost, during the year 1918, in consequence of a requisition by the Government that the plaintiffs should devote their logging camp to the production of airplane timber alone. The declaration is long and suggests throughout an effort to state a case under the Dent Act, March 2, 1919, c. 94; 40 Stat. 1272; and to account for this suit by the fact that the plaintiffs' claim under that Act was disallowed. The assurances and promises relied upon seem to have been the assurances and promises of successive agents of the United States that the United States would pay for what the plaintiffs were asked to do.

The Court below seems to have regarded the Dent Act as giving the only remedy in cases like this, although the supposed cause of action arose before that Act was passed; and according to the certificate treated the statute as excluding jurisdiction elsewhere. If the suit were against the United States, as no Court has jurisdiction over the

United States except when it is granted, the ruling might have been correct. But this suit is against a corporation of the State of Washington, brought originally in a Court of Oregon to enforce a supposed liability in contract. Even if a statute of the United States created a bar, it would be unusual if the act went to the jurisdiction rather than to the merits, *Fauntleroy* v. *Lum,* 210 U. S. 230, 235; and if the statute went further it would be more likely to exclude jurisdiction in all other Courts rather than merely in Courts of the United States as such. If the statute excluded jurisdiction in State as well as United States Courts the case could not be certified under § 238 of the Judicial Code. *Fore River Shipbuilding Co.* v. *Hagg,* 219 U. S. 175, 178. But the Dent Act does not contemplate suits against corporations in the Court of Claims, and we perceive no ground for the ruling as certified. It well may be that the Court was right in deciding that the allegations were not sufficient to justify a suit against the corporation, and our judgment is without prejudice to a judgment dismissing the case upon the merits. But it was error to decide that there was a want of jurisdiction and therefore the judgment must be reversed.

*Judgment reversed.*