## UNITED STATES v. CITY OF SPRINGFIELD et al.

### No. 4603.

District Court, D. Massachusetts.

March 8, 1938.

Francis J. W. Ford, U. S. Atty., and John A. Canavan, Asst. U. S. Atty., both of Boston, Mass., for the United States.

Raymond King, City Sol., of Springfield, Mass., for defendants.

Harry M. Ehrlich, of Springfield, Mass., amicus curiæ.

### McLELLAN, District Judge.

This suit was brought by the United States of America against the City of Springfield and Ralph L. Munn, the city's collector of taxes, and was heard yesterday. The bill alleges ownership by the plaintiff of certain land in Springfield which was originally acquired and for years used as a post office. It is averred that the use of the land for this purpose terminated in 1933, and that while the plaintiff still owned the land, the City of Springfield assessed taxes against it and proposes to collect the taxes by a sale of the property. The bill contains a prayer for a temporary injunction against advertising the property for sale or selling it, and such a preliminary injunction issued last week. The plaintiff now seeks a permanent injunction to the same effect, and asks that the court declare that the "Old Post Office Property," so called, is not subject to taxation by the defendant city. By an amendment recently allowed, the plaintiff also prays that the defendants be ordered to strike the property in ques-

tion from the assessment books of the City of Springfield.

The facts pertaining to the questions here involved may be stated summarily as follows:

The defendant City of Springfield is a municipal corporation charged with the duty of levying and assessing taxes in that city. The defendant Ralph L. Munn is the duly appointed and qualified collector of taxes of the City of Springfield. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. In 1887, 1906, and 1908, respectively, the plaintiff acquired certain parcels of land which, together, constitute what is now called the "Old Post Office Property," and for years used the land for a post office. About the year 1933 the United States of America erected a new post office building in Springfield, and since that time the "Old Post Office Property" has not been used for post office purposes. Since 1933 the plaintiff has sought to sell this property. The plaintiff, on or about September 25, 1933, entered into a ground rent agreement with the Steiger Realty Company, whereby certain rentals should be payable to the plaintiff. This ground rental agreement provided that in the event of an opportunity to sell the property it should be vacated by the Steiger Realty Company on thirty days' written notice. As of January 1, 1937, the City of Springfield assessed the "Old Post Office Property" and rendered a bill to the plaintiff for a real estate tax for the year 1937 in the amount of $18,001.14. On the date as of which this tax was assessed, the property was used as a bus station by Bus Terminals, Inc., under a right derived from the Steiger Realty Company. On September 29, 1937, the United States having received from a prospective buyer a deposit of $9,800, entered into a contract for the sale of the land for a price of $196,000. By the terms of this contract, 15 per cent. of the purchase price was payable on the date of the contract, and the balance was payable in five equal annual instalments. The contract provides that when payments are completed the vendor is to convey the premises by quitclaim deed. On October 18, 1937, the vendee assigned the contract to Enterprise Realty Company, Inc. I regard this agreement as unimportant, for the reason,

among others, that it postdates the assessment, and the Massachusetts statutes contain no provision for assessing real estate taxes for part of a year. On January 24, 1938, the defendant Ralph L. Munn, collector of taxes, made a demand upon the plaintiff for the payment of the 1937 taxes. The defendant Munn intends to advertise the property for sale and to sell it for the collection of the taxes unless enjoined from so doing.

For years prior to 1936, the Massachusetts statutes provided that property of the United States should be exempt from taxation. Massachusetts General Laws (Ter. Ed.) c. 59, § 5. On February 26, 1936, St. 1936, c. 81, this statute (clause 1) was amended to read, so far as here pertinent, as follows: "The following property and polls shall be exempt from taxation: First, Property owned by the United States and constitutionally held and used by it for essential governmental functions." Another statutory provision is that taxes on real estate shall be assessed to the person who is the owner on January 1st. Massachusetts General Laws (Ter.Ed.) c. 59, § 11, as amended by St. 1936, c. 92.

The question is as to the validity of the 1937 taxes assessed by the City of Springfield against the land owned by the United States of America.

■ The act of 1936, amending chapter 59, § 5, cl. 1, exempting from taxation property "owned by the United States and constitutionally held and used by it for essential governmental functions," should be so construed, if possible, as to make it unnecessary to declare it unconstitutional.

In Van Brocklin v. Anderson, Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845, land held to be exempt from state taxation was acquired by the United States at an auction sale for nonpayment of direct taxes assessed thereon, and the court, in an exhaustive opinion, based its conclusion that it was not subject to state taxation upon the ground that it constituted property of the United States.

In City of New Brunswick v. United States, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693, the taxed real estate was owned by the United States Housing Corporation after an act of Congress providing for winding up its affairs had been passed, and

the court decided that while the corporation continued to hold the legal title, the municipality had no right to subject the interest of the United States therein to taxation.

■ In view of the constitutional power of the Congress to dispose of and make regulations respecting the territory and *other property* of the United States (see section 3 of article 4 of the Constitution) and of the necessity of declaring the Massachusetts act of 1936, chapter 81, invalid if construed otherwise, I think the act should not be understood as authorizing the tax here attacked. If the statute requires the conclusion that on January 1, 1937, the property on which the tax was assessed was not used by the United States for "essential governmental functions," and so as authorizing the tax, it violates the Federal Constitution.

■ On January 1, 1937, the land was immune from state taxation and the tax is invalid. See Van Brocklin v. Anderson, Tennessee, supra; Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328; City of New Brunswick v. United States, supra. Cases like Helvering, Commissioner, v. Therrell, 58 S.Ct. 539, 82 L.Ed. ——, decided February 28, 1938, and the Wyoming Association Oil Corporation Case, Helvering v. Mountain Producers Corp.; 58 S.Ct. 623, 82 L.Ed. ——, decided yesterday, March 7, 1938, by the Supreme Court of the United States, are inapplicable. The tax in the instant case is directly upon land belonging to the United States.

It is unnecessary to attempt to decide whether, under any circumstances, land of the United States originally acquired for a post office and still owned may be subject to state taxation after its use for this purpose terminates. All that is here decided is that under the circumstances of the present case and as a matter of statutory construction the state tax is invalid.

A decree, declaring that the "Old Post Office Property," so called, was not subject to taxation by the City of Springfield, permanently enjoining the defendants from taking any measures to advertise this property for sale or to sell it, and directing the defendants to strike this property from the assessment books of the City of Springfield for the year 1937, is to be entered.