## PAUL v PAUL LIGHTING FIXTURE CO

Ohio Common Pleas, Hamilton Co

Decided Nov 16, 1938

Paxton & Seasongood, Cincinnati, and Sol Goodman, Cincinnati, for receivers.

Francis C. Canny, United States Attorney, Dayton, & Frederic W. Johnson, Asst. United States Attorney, Cincinnati, for United States of America.

### OPINION

By ROUDEBUSH, J.

This cause comes before the court on the intervening petition of the United States in which it seeks priority for a claim in the sum of $2,682.04. The Paul Lighting Fixtures Company borrowed $3,000 from the Peoples Bank & Savings Company on a F. H.A. loan, which means that the Peoples Bank & Savings Company was insured against loss on the loan by the Federal Housing Administration Act.

On December 30, 1937, a receiver was appointed for the Paul Lighting Fixtures Company, and the court made an order requiring that all claims against the estate be filed on or before March 1, 1938. On January 27, 1938, the Peoples Bank & Savings Company filed a proof of claim with the receiver for the balance due on the mortgage notes.

On February 18, 1938 the Peoples Bank & Savings Company filed a claim with the Federal Housing Administration for the payment to it of the balance due on the notes in accordance with its contract of insurance with the administrator. On May 5, 1938, the administrator allowed the bank's claim in the sum of $2,682.04 and paid this amount to the bank. Thereupon the bank assigned the two mortgage notes to the "Federal Housing Administrator acting on behalf of the United States of America." Later a new assignment was executed to the "United States of America."

March 12, 1938, the Federal Housing Administrator served notice on the receiver that it might become liable on the notes in question and that in the event it paid the Peoples Bank & Savings Company on the notes it would file a proof of claim against the receiver claiming priority. On May 14, 1938 the United States District Attorney for the Southern District of Ohio filed these claims against the receiver for priority.

The only question involved in this case is whether the United States Government is entitled to priority in payment of the claim of the Peoples Bank & Savings Company, the receiver having allowed its claim as a general claim but rejected it as a priority claim.

If the United States had a claim against the Paul Lighting Fixture Company previous to the appointment of a receiver undoubtedly it would be entitled to priority, but since the United States did not assert a claim until after the appointment of a receiver, and this claim resulted from an assignment from the Peoples Bank & Savings Company, who had no preferred claim, how could the United States obtain priority?

The rule that the rights of creditors are fixed at the time of the receiver's appointment is clearly established. Steinkamp v Channer, etc., 25 N.P. (N.S.) 135; Merrill v National Bank of Jacksonville, 173 U. S.

151; Hynes v Ill. Trust & Savings Bank, 226 Ill. 95.

The assignee stands in the shoes of the assignor and the United States could have no better title than the Peoples Bank & Savings Company. Guaranty Trust Co. of New York v United States, 58 Sup. Ct. 785.

The case of Federal Housing Administrator v Moore, 90 Fed. (2nd) 32, seems to hold that the government has no priority if the assignment is made after the receivership. In this case the court refers to the fact that the Federal Housing Administrator filed the claim rather than the United States, yet the court does state that the United States has no claim against a bankrupt estate and that the assignee could have only such rights as the assignor had. It would seem the court's remark relative to the Federal Housing Administrator filing the claim in his own name is only dictum and is contrary to the established law for it has been repeatedly held the acts of the agents, and instrumentalities of the Federal Government are in legal effect the acts of the United States. E. I. DuPont DeNumurs Co. v Davis, 264 U. S. 456, 44 S Ct., 364, 68 L. Ed. 788; Clallam County v United States, 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328.

The court is therefore of the opinion that the United States is not entitled to priority but only to a general claim against the assets of the receivership.