## UNITED STATES v. CITY OF PHILA-DELPHIA et al.

### No. 2609.

District Court, E. D. Pennsylvania.

Dec. 29, 1942.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Robert S. Tarnay, of Washington, D. C., for plaintiff.

Joseph Ominsky and C. Brewster Rhoads, both of Philadelphia, Pa., for School District of Philadelphia.

Michael D. Hayes, Asst. City Sol., of Philadelphia, Pa., for City of Philadelphia, and Receiver of Taxes.

BARD, District Judge.

This is an action to quiet title to real estate and to have purported tax liens thereon declared void. The action was instituted by the United States against the City of Philadelphia, the School District of Philadelphia and the Receiver of Taxes of Philadelphia to quiet title to several hundred properties in the city of Philadelphia owned by the United States Housing Corporation by adjudicating that taxes, interest and penalties levied against them by the defendants do not constitute liens thereon.

The complaint alleges the following facts: United States Housing Corporation is a corporation organized pursuant to the Act of May 16, 1918, 40 Stat. 550, and the Act of June 4, 1918, 40 Stat. 594, to provide housing for those engaged in national defense during the first world war. In 1918 it acquired the parcels of real estate in the city of Philadelphia which are involved in these proceedings. It then entered into agreements for the sale of houses erected thereon to private persons, but the purchasers defaulted and in no instance was title transferred out of the Housing Corporation. After default the agreements were cancelled in accordance with their terms. Recently individual suits were instituted by the United States in this court to recover possession of and quiet title to each of these properties and in each case judgment was entered quieting title in the United States Housing Corporation, declaring null and void all contracts, conveyances and other instruments purporting to affect the title thereto and perpetually enjoining the defaulting purchaser from ever asserting any title or interest in the premises. Between 1920 and 1942 the defendants City of Philadelphia and School District of Philadelphia levied taxes, interest and penalties against these properties and purport to hold a lien therefor, resulting in a cloud upon the title of the Housing Corporation and rendering it unmarketable. The relief sought is that the court declare the Housing Corporation to be the owner of the properties free and clear of all claims or liens asserted by the defendants and direct the defendants to cancel the liens on their records.

The answers of the defendants admit the acquisition of title to the properties by the United States Housing Corporation and the execution of the agreements of sale to private persons. Defendants deny the cancellation of these agreements. They admit, however, that the plaintiff did institute individual actions to quiet title to each of the properties in question and did obtain judgments as averred in the complaint, but aver that they were not made party to such actions and that hence their in-

terests are unaffected thereby. They admit the levy of taxes, interest and penalties against the properties and assert that they constitute valid liens thereon.

In addition, the answer of the defendant School District contains under a heading of "New Matter" the following allegations: Pursuant to the requirements of law, it provided school facilities for the use of the purchasers and occupants of the properties during the more than twenty years in question. Throughout that time the Housing Corporation neglected to enforce its agreements, collect rents for the occupancy of the properties or take such steps as were necessary for their prompt disposition in accordance with the mandate of Congress. Certain affirmative relief is sought, the nature of which is not material for present purposes.

Upon this state of the pleadings, the plaintiff has moved for summary judgment on the ground that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

■ The plaintiff relies upon the established law that property owned by the United States or by an instrumentality of the United States for its use and benefit is not subject to taxation by the states or their subdivisions. Clallam County v. United States, 263 U.S. 341, 44 S. Ct. 121, 68 L.Ed. 328; United States Shipping Board Emergency Fleet Corp. v. Delaware County, Pa., 3 Cir., 17 F.2d 40. That such is the law is unchallenged by the defendants. They urge, however, that the application of that principle was limited by the Supreme Court of the United States in City of New Brunswick v. United States, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693, so as to permit local taxation to the extent that it does not affect the interest of the United States. In that case, as in the present case, the United States Housing Corporation had entered into a large number of agreements with private persons for the sale of residential properties. The agreements provided that upon the payment of ten per cent. of the purchase price and the execution of a mortgage for the unpaid balance the purchaser would be entitled to a deed to the property. The vari-

ous purchasers of the properties there in question paid the necessary percentage of the purchase price, but the Housing Corporation refused to execute deeds and consequently the purchasers did not execute mortgages to secure the balances. The City of New Brunswick levied taxes upon these properties and, upon nonpayment thereof, threatened tax sales. Thereupon the Housing Corporation and the United States brought an action against the City of New Brunswick to have the assessments cancelled and the threatened tax sales enjoined. The Supreme Court held that since the purchasers had done what was required of them under their contracts to be entitled to deeds, the situation was in equity no different than if they had obtained deeds and had executed mortgages to the Housing Corporation for the unpaid balances. Under this view it was held that there was no reason why the City could not validly levy taxes against the properties and conduct tax sales, provided only that the interest of the United States as security for the unpaid purchase moneys be expressly exempted therefrom and that the sales be made subject to the prior rights, liens and interests of the United States.

■ The effect of the New Brunswick case, therefore, is to permit taxes to be levied by a municipality which will be valid and enforceable against the equitable interests of a purchaser of the property from the United States or an instrumentality thereof where the purchaser is entitled to a conveyance under his contract.[1] But this position cannot aid the defendants in the present case. Although defendants have denied the averments of the complaint that the agreements of sale for the properties now in question were, upon default of the purchasers, cancelled in accordance with their terms, they have admitted that judgments have been entered in this court quieting the title of the United States Housing Corporation as to each property and terminating any interest whatsoever of the purchasers thereof. Whatever equities may have existed in such persons with respect to these properties, therefore, were extinguished by judicial decree before the present action was instituted. It

---

[1] In Pennsylvania, the New Brunswick case has been expressly followed. In City of Philadelphia v. Myers, 102 Pa. Super. 424, 157 A. 13, the Superior Court upheld an order discharging a rule by a purchaser who had paid the stipulated percentage of the purchase price to entitle him to a deed from the Housing Corporation but who had never received the deed, to strike off a tax lien and stay a sheriff sale thereunder.

is true that the present defendants were not joined as defendants in those actions and therefore their interests in the properties could not be judicially determined in those cases. But since their interests at best depended upon the existence of equitable interests of other persons which were duly extinguished, the fact that they were not party to those actions is immaterial.

Defendants urge that summary judgment should not be entered without a hearing to determine as to each property the nature of the contract made with the Housing Corporation, the amount paid on account and the value of the property. They suggest as an example that it might be found that on a particular property there is due to the Housing Corporation only $500 and that its present value is $1,500, and that accordingly they should be able to subject any such equity to the taxes imposed by them. The difficulty with this argument, however, as has been pointed out above, lies in the fact that, whatever the situation may have been before the entry of judgments quieting title, their entry has extinguished any such equities which might have existed in the purchasers.

It is indeed unfortunate from the point of view of municipal taxing authorities that instrumentalities of the federal government sometimes permit, by inaction or otherwise, private interests to obtain the advantage of the government's exemption from local taxation. It is particularly unfortunate where, as in the present case, the Housing Corporation appears to have taken no effective steps for over twenty years to enforce its contracts or to clear title to the properties and resell them[2] and where during that period the defendants were obliged to render police and fire protection, as well as school facilities and other municipal benefits to their occupants. A spirit of mutual cooperation in situations of the present character involving our governmental system of dual sovereignties could do much to prevent third persons obtaining, at the expense of one sovereignty, privileges or benefits intended only for the other. Any relief in the present instance however must be sought in the Congress rather than in the courts.

The plaintiff is entitled to a decree quieting title in the United States Housing Corporation to the properties described in the complaint free and clear of all taxes, interest and penalties imposed by the defendants or either of them and directing the defendants to cancel the tax·liens and to remove the lands in question from the tax rolls.

Counsel may submit a decree.

---

[2] The Congress, by the Act of July 19, 1919, 41 Statutes, 163, 224, authorized and directed the Housing Corporation to wind up its affairs as expeditiously as possible.