## UNITED STATES v. CITY OF EAST ORANGE et al.
### Civil Action No. 11065.

District Court, D. New Jersey.
June 21, 1948.

Isaiah Matlack, U. S. Atty., of Newark, N. J., for the United States.

Walter C. Ellis, of East Orange, N. J., for City of E. Orange et als.

SMITH, District Judge.

This is a suit to enjoin the enforcement of an asserted tax lien and to quiet title. The suit is before the Court on a motion for judgment on the pleadings filed by the plaintiff pursuant to the Rules of Civil Procedure, rule 12(c), 28 U.S.C.A. following section 723c. There is no genuine issue as to any material fact, and the only issue raised is one of law.

### Facts.

#### I.

The plaintiff is, and has been since December 21, 1946, the owner of a parcel of land in the City of East Orange, formerly the property of Morris Levin and Lillian Levin. This parcel of land was acquired by purchase on the said date, and is described in a deed which was duly recorded on December 23, 1946.

#### II.

Pursuant to the pertinent sections of the statute, R.S. 54:4–23 et seq., N.J.S.A. 54:4–23 et seq., which are quoted in the annexed appendix, the Board of Assessors of the City of East Orange assessed the parcel of land at its "full and fair value" as of October 1, 1946. This assessment was made preparatory to the establishment of a tax rate and the imposition of the tax for the ensuing year 1947, in accordance with the scheme of taxation. Pursuant to the pertinent section of the statute, R.S. 54:4–35, N.J.S.A. 54:4–35, the assessment list was filed with the County Board of Taxation on January 10, 1947.

#### III.

The tax in question was duly entered in the tax records of the City of East Orange as a charge against the said parcel of land. The defendants thereafter asserted a right to collect the tax and to enforce the statutory lien.

### Discussion.

It is the contention of the defendants that the parcel of land was subject to an "inchoate lien" at the time of its acquisition by the plaintiff. There is nothing in either the statute or the cited cases to support this contention. The mere inclusion of the parcel of land in the assessment list did not create a tax lien either inchoate or mature. The tax lien attached, if at all, on January 1, 1947, "the year for which the taxes (were) assessed," and in which the tax was due and payable. R.S. 54:5–6, N.J.S.A. 54:5–6. The parcel of land was therefore not subject to a tax lien at the time of its acquisition by the plaintiff.

The decision of the Court, however, rests on a sounder ground, to wit, the immunity of property of the United States from taxation. It is now well established that the property of the United States, held for public purposes, is immune from taxation by the State. Van Brocklin v. State of Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845; Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328; New Brunswick v. United States, 276 U.S. 547, 555, 48 S.Ct. 371, 72 L.Ed. 693; United States v. Allegheny County, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209; United States v. City of Milwaukee, 7 Cir., 140 F.2d 286; United States v. 150.29 Acres of Land, &c., 7 Cir., 135 F.2d 878. A tax lien, even though created by State statute, may not attach to property owned by the United States and held for public purposes. Ibid.

### Conclusions.

#### I.

The laws of the United States, and not the laws of the State, are determinative of the sole issue raised by the pleadings, to wit, the immunity of the United States from taxation.

#### II.

The property of the United States, held for public purposes, is immune from taxation by the State. The tax lien in question is void and may not be enforced against the United States.

#### III.

The United States acquired the parcel of land free and clear of all claims or liens for taxes for the calendar year 1947.

## IV.

The motion of the plaintiff is granted. A judgment in favor of the plaintiff and against the defendant will be entered.

### Appendix.

54:4-1. "All property real and personal within the jurisdiction of this State not expressly exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually under this chapter at its true value, and shall be valued by the assessors of the respective taxing districts. * * * All property shall be assessed to the owner thereof with reference to the amount owned on October first in each year, and the person so assessed for personal property shall be personally liable for the taxes thereon."

54:4-23. "The assessor shall ascertain the names of the owners of all real property situate in his taxing district, and after examination and inquiry, determine the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October first next preceding the date on which the assessor shall complete his assessments, as hereinafter required."

54:4-35. "The assessor shall begin the work of making assessments upon real and personal property on October first in each year and shall complete the work by January tenth following, on which date he shall attend before the county board of taxation and file with the board his complete assessment list, and a true copy thereof, to be called the assessor's duplicate, properly made up and legibly written in ink, to be examined, revised and corrected by the board as hereinafter provided."

54:4-49. "Except as to any State tax at a fixed rate provided for in sections 54:4-50 and 54:4-51 of this Title, each county board of taxation in apportioning the amount of money to be raised in the various taxing districts for State, State school or county purposes, after having received the tax lists and duplicates of the local assessors and having revised, corrected and equalized the assessed value of all the property in the respective taxing districts, shall deduct from the total valuations of each taxing district as so revised, corrected and equalized an amount equal to the ratables of the preceding year or years of such district represented by the reduction or all reductions made in the assessments of such districts subsequent to the apportionment of the preceding year or years in consequence of any appeal or appeals, complaint or other application, to the county board of taxation or to the State Board of Tax Appeals, or by reason of the decision of any court, and shall add to such total valuations an amount equal to any increase made in the assessment of such districts during the same period in consequence of like action by either such board or any court, and the total valuations as ascertained after the assessments in the various assessment lists and duplicates have been revised, corrected and equalized, and after the deductions and additions herein provided for shall have been made, shall form the basis for the apportionment of State State school or county taxes. When an assessment has been reduced, or added to, or increased, on appeal, complaint or other application, and the decision on that appeal complaint or other application has been further appealed, no deduction or increase as herein provided for shall be made with respect to the appealed assessment until the further appeal has been finally determined."

54:4-66. "Taxes shall be payable and shall be delinquent as hereinafter stated:

a. Taxes shall be payable the first installment as hereinafter provided on February first, the second installment on May first, the third installment on August first and the fourth installment on November first, after which dates if unpaid, they shall became delinquent;

\* \* \* \* \* \*

54:5-6. "Taxes on lands shall be a lien on the land on which they are assessed on and after the first day of January of the year for which the taxes are assessed, and all interest, penalties, and costs of collection which thereafter fall due or accrue shall be added to and become a part of such lien."