**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION; Mutual Development Corporation; and Mortgage Services, Inc., Plaintiffs,**

v.

**COMMISSIONER OF REVENUE FOR the STATE OF MINNESOTA, Defendant.**

**No. 3–84–CIV 83.**

United States District Court, D. Minnesota, Third Division.

Feb. 27, 1985.

Hopkins & Sutter by Michael F. Duhl, Chicago, Ill., and Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. by D. William Kaufman, Minneapolis, Minn., for plaintiffs.

Hubert H. Humphrey, III, Atty. Gen. by James W. Neher, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendant.

FINDINGS OF FACT

CONCLUSIONS OF LAW

ORDER FOR JUDGMENT

ALSOP, District Judge.

The above-entitled matter came on for trial by the court before the undersigned on the 6th day of November, 1984. The court appreciates the excellent manner in which the issues in the action were framed and the facts submitted by able counsel on both sides. Having considered the records

and files, the stipulated facts of the parties, the testimony and exhibits received into evidence, and the briefs and arguments of counsel, the court makes the following findings of fact, conclusions of law and order for judgment.

## FINDINGS OF FACT

1. The court adopts herein by reference as if fully set forth the stipulation of facts entered into by the parties as contained in Docket Entry No. 17 in the Clerk of Court's file. In addition, the court makes the findings of fact enumerated below.

2. When the Federal Savings and Loan Insurance Corporation (FSLIC) makes assistance payments to a private savings and loan (S & L) to facilitate a merger with a failing S & L, those payments are made from the FSLIC's insurance fund. All asset recoveries by the FSLIC are returned to the insurance fund. As of the date of the trial, the insurance fund had reserves totaling $6.5 billion which were insuring savings of approximately $670 billion.

3. When the FSLIC acquires the assets of a failing S & L in an assisted merger, it seeks to liquidate the assets and to return the resulting cash to the insurance fund. Pursuant to FSLIC policy, this procedure is followed whether the assets are acquired in corporate form or as individual properties.

4. As a part of the assistance agreement with First Federal Savings & Loan Association of Minneapolis (First Federal), the FSLIC purchased all of the capital stock of Mutual Development Corporation (Mutual Development) and Mortgage Services, Inc. (Mortgage Services). These subsidiaries of Home Savings Association (Home Savings) had been investigated by First Federal, which determined that it would be prudent to reject them. In particular, First Federal was concerned that the potential liabilities and the extent of the contractual commitments of each subsidiary was unclear.

5. Since the date of purchase, Mutual Development and Mortgage Services have been run by the FSLIC as separate corporate entities. FSLIC has been managing these entities for the sole purpose of liquidating the assets to reimburse the insurance fund. Initially, FSLIC entered into a contract with First Federal to have First Federal provide management supervision of the day-to-day operations of Mutual Development and Mortgage Services. Frank Augustine has managed the business affairs of Mutual Development and Mortgage Services from January, 1981 through the present. At the time Frank Augustine assumed his management responsibilities, he was a vice president at First Federal. He is now an independent consultant and manages Mutual Development and Mortgage Services pursuant to a contract directly with FSLIC. In managing Mutual Development and Mortgage Services, Frank Augustine has utilized the expertise of other businesses and professionals.

Upon the foregoing Findings of Fact, the court makes the following:

## CONCLUSIONS OF LAW

1. This court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and laws of the United States. This court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 12 U.S.C. § 1730(k)(1), because this is an action in which FSLIC is a party. This court finally has jurisdiction pursuant to 28 U.S.C. § 2201 because this is an action for a declaratory judgment in a case in actual controversy between the parties.

2. Tax immunity under the Supremacy Clause of the United States Constitution is appropriate only:

> ... when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned.

*United States v. New Mexico,* 455 U.S. 720, 735, 102 S.Ct. 1373, 1383, 71 L.Ed.2d 580 (1982). Minnesota is attempting to collect state corporate income tax from Mutual

Development and Mortgage Service. Minnesota's levy does not fall on the United States itself, rather it falls upon the two corporate entities. Therefore, this court must determine if these corporate instrumentalities are "so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." *Id.*

By reviewing some of its prior cases, the Supreme Court in *United States v. New Mexico,* provided some guidance as to when a private entity is so closely connected to the government as to qualify for immunity from state taxation. The Court noted that "to resist the State's taxing power, a private taxpayer must actually 'stand in the Government's shoes.'" *Id.* at 736, 102 S.Ct. at 1383 (quoting *City of Detroit v. Murray Corp.,* 355 U.S. 489, 503, 78 S.Ct. 458, 491, 2 L.Ed.2d 441 (1958) (opinion of Frankfurter, J.)). The Court further stated that the entity must be:

> "virtually ... an arm of the Government," *Department of Employment v. United States,* 385 U.S. [355] at 359–360 [87 S.Ct. 464, 467–68, 17 L.Ed.2d 414]; "integral parts of [a governmental department]," and "arms of the Government deemed by it essential for the performance of governmental functions," *Standard Oil Co. v. Johnson,* 316 U.S. 481, 485 [62 S.Ct. 1168, 1170, 86 L.Ed. 1611] (1942).

*United States v. New Mexico,* 455 U.S. at 736–37, 102 S.Ct. at 1383–84.

In *New Mexico,* three private corporations that had contracted to provide management, construction, and maintenance functions at facilities of the Atomic Energy Commission sought immunity from certain taxes levied by the state of New Mexico. The Supreme Court found that the private corporations were not entitled to state tax immunity. In doing so, the court noted that the corporations were distinct entities with private business goals and were carrying on their commercial activities for profit. *Id.* at 739, 102 S.Ct. at 1385. As privately owned corporations, the

government neither ran their day-to-day operations nor retained any ownership interest in them. *Id.* at 740, 102 S.Ct. at 1385. In conclusion, the Court stated:

> The congruence of professional interests between the contractors and the Federal Government is not complete; their relationships with the Government have been created for limited and carefully defined purposes.

*Id.* at 740–41, 102 S.Ct. at 1385–86.

The case before this court presents considerably different facts. The stock of both Mutual Development and Mortgage Services have been acquired by the FSLIC to facilitate the merger of a failing S & L, Home Savings, with a healthy S & L, First Federal. The Boards of Directors of both Mutual Development and Mortgage Services are now made up of FSLIC officials. FSLIC has contracted with an individual to manage these two corporations on a day-to-day basis, but the management goals of the corporation are being set by the FSLIC. Mutual Development and Mortgage Services both are being managed in a manner so their assets may be quickly liquidated to replenish the FSLIC insurance fund. Neither of these corporations has any private, profit-making, commercial goals. Upon these facts, it seems clear that the congruence of the professional interests of Mutual Development and Mortgage Services, and the federal government is complete. *See id.* at 740–41, 102 S.Ct. at 1385–86. This court can only conclude that these two corporate instrumentalities are "... so closely connected to the government that ... [they] cannot realistically be viewed as separate entities ...." *See id.* at 735, 102 S.Ct. at 1383.

This case is quite similar to *Clallam County v. United States,* 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328 (1923). In *Clallam County,* the federal government had formed a corporation under Washington law to manufacture weapons for use in World War I. The corporation was formed and operated by the United States for the convenience of the United States and to carry out its ends. At the conclusion of its

work, the corporation was liquidated by the United States with the realized assets going to the United States. *Id.* at 344, 44 S.Ct. at 121. In finding that state tax immunity was appropriate, the Court noted:

> This is not like the case of a corporation having its own purposes as well as those of the United States and interested in profit on its own account. The incorporation and formal erection of a new personality was only for the convenience of the United States to carry out its ends.

*Id.* at 345, 44 S.Ct. at 122. In the case before this court the two corporations, Mutual Development and Mortgage Services, were initially private corporations. However, they became wholly owned and operated by the United States when the FSLIC purchased their stock as a part of the Home Savings/First Federal merger agreement. Since acquisition, the FSLIC has operated these two corporations to further its goal of replenishing the insurance fund. The two corporations have had no private purposes separate from those of the FSLIC. The FSLIC is now in the process of completing the liquidation of both corporations and the resulting assets will become a part of the insurance fund.

Therefore, based upon the holdings and rationales of the United States Supreme Court in *United States v. New Mexico* and in *Clallam County v. United States,* this court concludes that Mutual Development and Mortgage Services are immune from the corporate income tax sought to be imposed by the State of Minnesota pursuant to the Supremacy Clause of the United States Constitution.

3. Because of the court's holding under the Supremacy Clause, the court need not address the statutory issue raised by the parties.

Upon the foregoing Conclusions of Law, IT IS ORDERED:

1. That the Clerk enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That the Federal Savings and Loan Insurance Corporation, Mutual Development Corporation, and Mortgage Services, Inc. are immune from Minnesota corporate income tax under the Supremacy Clause of the United States Constitution.

2. That an injunction issue, enjoining the Commissioner of Revenue for the State of Minnesota, his officers, agents or employees from any further attempts to effect collection of the Minnesota state corporate income tax from any of these plaintiffs.